## No. 6028.

### THE STATE OF LOUISIANA vs. JOSEPH RICHIE.

*A bill of exception was taken in this case to the ruling of the judge a quo admitting a child six years old to testify against the prisoner. Under the age of fourteen a child will not be presumed to have a sufficient understanding to be a witness, and inquiry is made by the judge to ascertain his capacity to be sworn, and his admission or rejection must depend upon the sound discretion of the judge. The law fixes no precise age when the witness shall be excluded. In the present case the district judge examined the child and considered him of sufficient understanding to be sworn. No reason is shown why his ruling should be reversed.*

APPEAL from the Fourteenth Judicial District Court, parish of Richland. *Ray, J.* Criminal case. *W. M. Potts*, District Attorney, *pro tem.*, and *A. P. Field*, Attorney General, for plaintiff and appellee. *Thos. H. Clark*, for defendant and appellant.

LUDELING, C. J. The defendant was indicted for the crime of manslaughter and was convicted and sentenced to imprisonment at hard labor in the Penitentiary. He has appealed. A bill of exception was taken to the ruling of the judge *a quo* admitting a child six years old to testify against the prisoner. Two reasons are given why the evidence should not have been received—because it was impossible for a child so young to understand the nature of an oath; and because in consequence of the youth of the witness defendant was deprived of the opportunity to cross-examine him.

It is not a fact that no child six years of age can understand the nature of an oath. Greenl. on Evidence, vol. 1, sec. 367, says: "On the other hand, it is not unusual to receive the testimony of children under nine, and sometimes even under seven years of age, if they appear to be of sufficient understanding; and it has been admitted even at the age of five." See, also, Roscoe's Crim. Ev. 94.

Under the age of fourteen a child will not be *presumed* to have a sufficient understanding to be a witness, and inquiry is made by the judge to ascertain his capacity to be sworn, and his admission or rejection must depend upon the sound discretion of the judge. The law fixes no precise age when the witness shall be excluded. In the present case the district attorney examined the child and considered him of sufficient understanding to be sworn. We can not imagine why the witness could not be cross-examined by the defendant; in fact, it appears he was cross-examined by the judge.

It is therefore ordered that the judgment of the lower court be affirmed with costs.