## GAINES *v.* THE STATE.

99 703
106 433

1. An examination for the purpose of testing the competency of a child of tender years to testify as a witness, which develops nothing except that he does not know his age, but does know his father's name and the number and names of the days of the week, and can count thirty-two, is not sufficiently comprehen-

sive to authorize a conclusion that such child understands the nature of an oath.

2. Evidence that the father of one accused of crime endeavored to effect a settlement of the prosecution may, in some instances, be competent as affecting the father's credibility as a witness; but such evidence is never admissible to bind the accused as a *quasi* admission of guilt, unless it appears that he authorized, or was in some way connected with, the attempt to settle.

3. It was error to charge upon the hypothesis that the accused had "made a proposition of settlement," when there was no evidence that he had done so.

4. The charge of the court was, in several respects, inaccurate, and did not clearly present the law of the case.

Argued November 2,—Decided November 9, 1896.

Indictment for rape. Before Judge Butt. Chattahoochee superior court. March term, 1896.

*J. H. Worrill, L. McLester* and *E. J. Wynn,* for plaintiff in error. *S. P. Gilbert, solicitor-general,* contra.

LUMPKIN, Justice.

The plaintiff in error was convicted of the offense of rape upon one Ada Williams, and excepts to the overruling of his motion for a new trial.

1. One of the questions for our consideration arose upon a ruling of the trial judge to the effect that Primus Stafford, a child of tender years, was competent to testify as a witness. It appeared, upon an examination conducted by the judge for the purpose of inquiring into the competency of this child, that he was ignorant as to his own age, but did know his father's name and the number and names of the days of the week, and could count as high as thirty-two. This examination, however, developed nothing more concerning the child's competency as a witness. We do not think the examination was sufficiently comprehensive. It certainly did not show that the child, either from a moral or a legal standpoint, understood the nature or obligation of an oath, or had the slightest degree of knowledge with reference to the legal consequences of committing perjury. While this court is not inclined to

any great strictness on this subject, we feel constrained to
hold that the test to which the witness now under consid-
eration was subjected was hardly sufficient.

2. There appears in the record evidence tending to show
that the father of the girl alleged to have been assaulted.
and the father of the accused had made efforts to effect a
settlement of the prosecution. In this connection, the
court charged: "The fact that there have been proposi-
tions made, *pro* and *con*, by the parties—it is insisted by
the defendant that the propositions of settlement were
made by the prosecutor, and it is insisted upon by the State
that the defendant made the proposition. The court takes
occasion to charge you here that it is one of those classes of
cases that could not be settled; and testimony was only
submitted for the purpose or circumstance that you may
look to as to the guilt or innocence of the defendant." As
the father of the girl testified as a witness for the State,
evidence that he undertook to compromise with the father
of the accused was unquestionably relevant as affecting the
credibility of the witness; but such evidence surely could
not bind the accused as a *quasi* admission of guilt, there
being no evidence to show that he expressly authorized,
or was in any way either directly or indirectly connected
with, the attempt which his father made to settle the case.
It is evident, therefore, that the charge above quoted was
not appropriate. It was certainly erroneous to instruct
the jury, in general terms, that they might look to the evi-
dence above mentioned in reaching a conclusion as to the
guilt or innocence of the accused. Very naturally, the
jury would understand this instruction to mean that the
conduct of his father in endeavoring to suppress the prose-
cution was, to some extent at least, to be regarded as the
conduct of the accused himself. We think, therefore, that
the court did not properly limit and explain the use which
could be legitimately made by the jury of the fact (if it
existed) that the fathers of the accused and his alleged

victim, respectively, had endeavored to effect an amicable adjustment of the prosecution.

3. There was no evidence at all that the accused himself had made any "proposition of settlement," and accordingly, the charge above quoted is further erroneous in that it assumes and deals with the hypothesis that he had made such a proposition.

4. The motion for a new trial complains of other instructions given to the jury. Some of these are inaccurate, and do not clearly present the law of the case. They are not, however, of sufficient importance to require special mention or elaboration. The motion for a new trial also presents other minor questions with which it is unnecessary to deal specifically.

On the whole, we think that because of the errors which have in this opinion been distinctly indicated, there should be another trial of the case.      *Judgment reversed.*