The opinion of the court was delivered by
Miller, J.
The accused, convicted of rape, takes this appeal 'from the sentence.
The single question in the case is the competency of the prosecuting witness, admitted to testify over the objection of the counsel of the accused. The answers of the witness, a child seven years old, on the voir dire examination, are made part of the bill, and are in substance that she has no knowledge of God, “never heard of the devil' or the bad man, or what would become of her if she told a lie,” and had no knowledge of an oath. The statement of the trial judge in signing the bill is that the witness is a bright mulattress of the intelligence usual to her class. The contention of the defence is that her answers show she has no knowledge of right and wrong, nor belief in God, and an insensibility of the nature or obligation ■of an oath, and the exception reserved is to the admission of her testimony.
The basis on whiph testimony is received in courts is the oath -administered to the witness, and the oath is an appeal to God by the witness affirming that he will speak the truth on the witness stand. By some of the text writers the oath is deemed an invocation by the witness of divine punishment if the testimony is false. It is this solemn appeal of the witness to the Supreme Being that imparts the sanction on which the witness’ statements on the stand are accepted as testimony. But if the witness has no knowledge of ■God or belief in his existence, and shows no sense of accountability to him for false testimony, there is no guarantee of the truth of his testimony. The-sense of accountability to God of the witness if hé is untruthful in giving his testimony has been of universal recognition as the requisite of competency, and renders unnecessary any elaborate citation of authority. 1 Greenleaf, Secs. 365, 367.
Under the common law the competency of the witness under fourteen years of age was determined by his intelligence, including consciousness of responsibility to the Supreme Being for the sin of false swearing. If there was this consciousness and intelligence, as an English judge puts it, the tender age of the witness was no objection *1604 to his competency. If the child presented as a witness appears to be intelligent, but from defect of education or other cause has no sensibility of the nature of an oath, the opportunity will be afforded for his instruction on that point, so that he may have the requisite appreciation of moral responsibility when he comes to be sworn, but the application to impart such instruction must be seasonably made. This appreciation of responsibility in the future state for the sin of false swearing is required as the test of competency of children as .well as adults, and the test is applied without reference to the form of religious belief, but it is the appreciation fo a Supreme Being to punish sin and reward virtue in this life that the law exacts to make the witness competent. Roscoe Criminal Evidence, pp. 129, 124, notes at foot; 1 Archbold Criminal Practice and Pleadings, S. P. 490, notes at foot; 1 Greenleaf, Secs. 367, 369. It is quite manifest in this ease the prosecuting witness in .this case was, under the test under discussion, incompetent to testify.
Nor do we understand that the competency of the witness is attempted to be supported on any theory that she possessed any sense of moral or of any responsibility for false swearing. It is claimed that she was competent if of the requisite intelligence, and of this the trial judge was to determine. We should not feel at liberty in this, or perhaps in any case, to review a determination by the trial judge on the question merely of the requisite intelligence of a witness. But the ruling in this case is not on the issue only of intelligence, but is that our law dispenses altogether with that other test indispensable under the ’ common law to qualify any witness to take the stand. This complete removal of that heretofore regarded as indispensable to the competency of a witness is claimed to result from the act of our Legislature, No. 29 of 1880, to the effect that in criminal prosecutions the competent witness is a person of proper understanding. If this is the interpretation, the form of the oath remains, but the basis for it, the belief in God, is swept away. Our courts have held under this statute that infamy from conviction for crime no longer disqualifies. State vs. Mack, 41 An. 1080; State vs. McManus, 42 An. 1194. The other case cited on behalf of the State relates to the competency of the juror. The sense of accountability to God as the requisite to the fitness of the witness is not touched by these cases. The act of 1886 uses the same expression as to the competency of the witness *1605 in the criminal prosecutions that the Code employs in defining competency of the witness in the civil cases. C. C., Art. 2281. The argument for the State supposes the act of 1886 substitutes intelligence alone as the test of the witness’ competency. If so, the sanction of an appeal to God is equally dispensed with to qualify the witness in civil cases, but it has never been so understood. The “ proper understanding” by the argument presented to us embraces no belief in God, or appreciation of right and wrong, or difference between truth and falsehood. It seems to us the requisites hitherto the statute is claimed to have displaced are precisely those that make up the proper understanding the statute still exacts. Our attention has been directed to the California statute, admitting all to testify possessing “ the organs of sense and capacity to communicate their perceptions.” Mr. Rice, in his work on evidence, infers from this legislation that in California there can be no exclusion of witnesses on account of religious belief. There seems to be similar legislation in other States. The form of religious belief is certainly no ground to exclude the witness, but there must be a belief in the Supreme Being. Roscoe Criminal Evidence, p. 129; 1 Archbold, p. 486, notes; 1 Greenleaf, Sec. 369. Whether, even under the California statute, utter ignorance of God and of the nature of an oath would notwithstanding admit to the witness stand, is in our view unnecessary to inquire. Our statute requires proper understanding. In our view total unconsciousness of God, or of truth and falsehood, is incompatible with the test of the act of 1886.
In this discussion there is, of course, the appreciation of the grave consequences of exacting a test of the witness’ competency apt, perhaps, to exclude in some cases all proof of rape on a child of tender years or deficient understanding. On the other hand, there is the obvious danger of basing the sentence for crime, especially of death, on the prattle of a child capable, as one of the authorities expresses it, of “ being moulded like clay in the potter’s hands ” to repetition, or in the utterances of the child more advanced in years but not in understanding. 19 L. R., p. 608; The sentence for crime above, when the highest the law can interpose, should rest on a firmer basis than this record presents.. 4 Blackstone, p. 214, quoted in 1 Phillips on Evidence, p. 20. In our view the voir dire examination should have excluded the child from the witness stand, *1606 and we feel constrained to sustain the exceptions with a view to another trial.
It is therefore ordered, adjudged and decreed that the sentence be reserved and set aside, the case remanded and the prisoner held for another trial.