# CASES

## DECIDED IN THE

# SUPREME COURT OF GEORGIA

### AT THE

## OCTOBER TERM, 1920.

---

### MANUEL *v.* THE STATE.

The general rule is that instructions by the court to the jury must be authorized by the evidence submitted to the jury; and where such instructions are not so authorized, and are calculated to mislead and confuse the jury, the error requires a new trial.

No. 1840. OCTOBER 12, 1920.

Indictment for murder. Before Judge Park. Jones superior court. January 2, 1920.

*J. A. Henderson,* for plaintiff in error.

*Clifford Walker, attorney-general, Doyle Campbell, solicitor-general,* and *M. C. Bennet,* contra.

HILL, J. John Henry Manuel and Willie Norwood were jointly indicted for the murder of Squire Fambrough; and the jury trying them returned a verdict of guilty, with recommendation to the mercy of the court. A motion for new trial was made by Manuel, which being overruled, he excepted.

The charge of the court relating to confessions is excepted to on the ground that there was no evidence showing that Manuel made any confession, and therefore there was no evidence upon which to base such a charge. The only evidence of a confession in this case was given by a witness for the State, S. A. Green, while the jury had been sent from the court-room by the court at the request of defendant's counsel. This witness testified that

he asked Willie Norwood, who was jointly indicted and tried with the defendant Manuel, "What did you have against old Uncle Squire?" and he replied, "Nothing." I said, "What did you kill him for?" He said, "I wanted some money." I did not offer him any reward or tell him it would be light on him. I just told him to tell the truth about it. Both of them were talking to me." This is the only evidence in the case which was in the nature of a confession, and it was not brought out again before the jury when they returned to the court-room from the jury-room. We cannot, therefore, consider this evidence as a confession for the purpose of deciding whether or not there was evidence in the record showing a confession in order to authorize a charge by the court on that subject. We think a new trial should be granted because there is no evidence in the record adduced before the jury to authorize the charge as given. The general rule is that instructions given by the court to the jury must be authorized by the evidence submitted to the jury; and where such instructions are not so authorized and are calculated to mislead and confuse the jury, as in this case, the error will require a new trial.

The other assignments of error are either controlled by the above ruling, or are without merit.

As the case is to be returned for another hearing, we express no opinion on the sufficiency of the evidence to support the verdict.

*Judgment reversed. All the Justices concur, except Beck, P. J., and George, J., dissenting.*