## 13645.   RAY *v.* THE STATE.

It was not error to admit in evidence against the accused in this case, who was being tried on an indictment for larceny of an automobile, an indictment charging him with a similar offense and upon which he

had been convicted, the purpose for which it could be considered being properly restricted by the judge in his charge to the jury.

No cause for a new trial is shown by any of the assignments of error.

DECIDED JULY 11, 1922.

Indictment for larceny of automobile; from Fulton superior court — Judge Humphries. April 3, 1922.

Application for certiorari was denied by the Supreme Court.

*McClelland & McClelland,* for plaintiff in error.

*John A. Boykin, solicitor-general, E. A. Stephens,* contra.

LUKE, J. Ray was convicted of the larceny of an automobile. In his motion for a new trial he complained of the admission of an indictment which charged a similar offense and upon which he had been convicted, his ground of objection being that the offense set out in the indictment was a separate and distinct offense and was in no way connected with the offense for which he was being tried, and that it placed his character in issue. Upon an examination of the evidence in this case, we hold that the admission of this indictment was not error. The use of it by the jury was properly restricted by the judge in his charge to the jury. See *Lee v. State,* 8 *Ga. App.* 413 (69 S. E. 310) ; *Bates v. State,* 18 *Ga. App.* 718 (90 S. E. 481) ; *Frank v. State,* 141 *Ga.* 243 (80 S. E. 1016) ; *Martin v. State,* 10 *Ga. App.* 795 (2) (74 S. E. 304), and cases cited.

Upon conflicting evidence the jury were amply authorized to return a verdict of guilty. None of the special grounds of the motion for a new trial show reversible error. It was not error to overrule the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*