24114. CLAUGHTON *v.* THE STATE.

DECIDED JANUARY 15, 1935.

GUERRY, J. E. N. Claughton was charged with larceny after trust, in that after having been entrusted by H. E. Taylor with thirty shares of stock of the Georgia Power Company of a named value, for the purpose of borrowing money on said stock and using proceeds thereof for the use and benefit of the owner, H. E. Taylor, he did, wrongfully, fraudulently, and feloniously convert the money so borrowed for the use of H. E. Taylor to his, Claughton's, own use. Without attempting to set out the very voluminous evidence introduced, we think it sufficient to say that the evidence supports the verdict.

Ground 1 of the amendment to the motion for a new trial is without merit. This defendant was by agreement being tried before one jury on the indictment in this case and other indictments charging similar offenses against named parties. At the trial evidence was introduced by the State in reference to the other indictments. There was also evidence from other witnesses as to similar transactions with them, for which he was not being tried. The court charged the jury as follows: "The defendant is on trial for the particular offenses charged against him in these bills of indictment, and not on account of any other alleged offense or offenses. Where knowledge, motive, intent, state of mind, identity, plan or scheme, good or bad faith, and other matters dependent upon the person's state of mind are involved as a material element in a particular criminal offense for which the defendant is on trial at the particular time, evidence of the defendant's conduct with reference to other transactions about the same time is admissible for the consideration of the jury only in so far as it may tend to illustrate the state of the defendant's mind on the subject-matter involved." We are not

willing to hold that evidence in support of other similar transactions for which he is being tried before the same jury may not also be considered by the jury as "illustrating the state of mind" of the defendant under the facts of the case at bar; even so, there was ample additional evidence to warrant the charge given.

The request to charge, as set out in ground 3, was not, even if in proper form, applicable to the facts of the present case, it appearing, from the uncontradicted evidence, that stock named in the indictment was sold sometime prior to the alleged forced sale by Livingstone & Company.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*