## 26468. EALEY *v.* THE STATE.

DECIDED JANUARY 7, 1938.

*C. G. Battle,* for plaintiff in error.
*John A. Boykin, solicitor-general, John S. McClelland, solicitor, J. W. LeCraw,* contra.

BROYLES, C. J. The plaintiff in error was convicted, in the criminal court of Fulton County, of the offense of operating a lottery, known as the number game, for the hazarding of money. In his bill of exceptions to this court he assigns error on the order of the judge of the superior court overruling his certiorari, and also on exceptions pendente lite to the answer of the trial judge to the writ of certiorari, as being incomplete. The exceptions pendente lite do not show what legal showing was made to the judge of the supe-

rior court as to the alleged omissions in and incompleteness of the answer of the trial magistrate. The record before this court shows that the answer was amply sufficient to enable the judge of the superior court to pass upon the merits of the certiorari. A complete stenographic report of the evidence is attached to the answer as exhibit X, and the clerk certifies that "attached to and forming a part of the answer of Judge Wood, as exhibit W, is a paper sack containing a small memorandum book, memorandum tablets, lottery book, and lottery tickets. There are approximately 750 yellow tickets, 3 x 5 in size, bearing pencil notations of figures being in various and different handwriting, all bearing same date, to wit, 5-16-36. Samples of said tickets are hereto attached. Exhibit Z is a pencil of average size." The record contains a photographic copy of the tickets dated "5-16-36," "attached to and forming part of the answer of Judge Wood as exhibit W." Since the answer of the trial magistrate was amply sufficient to enable the judge of the superior court to know what had transpired in the trial court and to intelligently pass upon the certiorari, and since certain exhibits to the answer, which were alleged to have been omitted, were not material for the purpose of passing on the certiorari, if these exhibits were in fact omitted, as alleged, such omissions would not require a reversal of the judgment. See *Walters* v. *Eaves*, 105 *Ga.* 584 (32 S. E. 609). The exceptions pendente lite show no reversible error.

The answer of Judge Wood, the trial magistrate, shows that he, "acting as judge and jury, on the 17th day of September, 1936," tried "several cases against different defendants and two cases against one of the defendants, to wit, Lockett Ealey," the plaintiff in error; that one of these accusations charged Lockett Ealey with the offense of lottery on the 16th of May, 1936, and the other charged him with "the offense of lottery on the 19th of May, 1936. As above stated, both of these cases were tried at the same time, and the evidence adduced on the trial of the two cases was before the court for consideration in passing upon the guilt or innocence of the said Lockett Ealey in both of said cases. The evidence was taken down stenographically and has now been transcribed, and a copy of the evidence adduced upon the trial of said two cases is truly and correctly set forth in the said transcript of the evidence which is attached hereto and marked exhibit X." The foregoing

quotations from the answer of the trial judge explain the circumstances of the trial, and answer some of the contentions of the plaintiff in error. The evidence shows that on May 16, 1936, the officers caught Lockett Ealey and several others in a house which one Julia Reed said was her house; that in the house the officers found a large quantity of "lottery tickets used in the operation of the lottery known as the number game;" that the officers "found some of the tickets in the bed in the mattress, and some in the sheets, and some on the floor;" that "they are all dated May 16, 1936;" that the officer also "got $12 and some cents in the mattress of the bed. None of the persons present claimed the money;" that they also found "tablets on the table;" that three days after this, to wit, on May 19, 1936, the officers found the defendant, Lockett Ealey, in his own home sitting at a table with a lottery book on the table and a pencil in his hand. It is a significant fact that these tickets were *hidden* in the mattress and sheets, that the tickets were dated the same day of the search, thus showing that they were not old tickets left there by some one else but were for use that same day, and that no one was willing to claim the money which the officers found in the house. It is also a very persuasive and probative circumstance that the defendant was sitting at a table in his own home, with a pencil in his hand and a lottery book on the table. It is only the charge of May 19, 1936, that is before this court for consideration; but the evidence as to the other transactions on May 16—just three days before the charge under consideration—was admissible, not only because the two cases were being tried together, but also "to illustrate the state of the defendant's mind on the subject involved." *Lee* v. *State,* 8 *Ga. App.* 413 (3) (69 S. E. 310); *Hayes* v. *State,* 36 *Ga. App.* 668 (1-*d*) (137 S. E. 860); *Claughton* v. *State,* 50 *Ga. App.* 400 (178 S. E. 326); *Cook* v. *State,* 33 *Ga. App.* 571 (127 S. E. 156). Under these and other authorities, the evidence as to the alleged offense of May 16 was properly considered in determining the defendant's guilt or innocence of the alleged offense of May 19. The record before us shows that the defendant had previously been convicted of lottery, and that the trial judge, in passing sentence on the several defendants involved in these transactions, stated: "I have been judge twelve years, and Lockett has been a big-time bootlegger, and has now switched over to lottery.

He never worked an honest day in his life." The judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*