26711, 26712. DARNELL *v.* THE STATE.

DECIDED MAY 20, 1938.

*Arthur W. Powell,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, E. E. Andrews,* contra.

BROYLES, C. J. The accused was convicted, on separate indictments, of the larceny of two automobiles—a Chevrolet and a Ford. By consent of both parties the two cases were tried together. The evidence shows that the Ford car was owned by J. P. Joiner and while parked in front of his home in Fulton County, Georgia, it was stolen by some one about 10 p. m. on March 4, 1937; that six days after the theft, the defendant was in possession of the same car in Rockmart, Georgia, and sold it to Harry Ferguson, who gave the defendant, in exchange, a Chevrolet car and a certain sum of money to boot; that officers seized the stolen Ford car while in Ferguson's possession and returned it to Joiner; that defendant told the officers he got the Chevrolet car (not the stolen car) from a negro named "R. L." who lived on Buchanan Street in Atlanta; that subsequently the defendant stated to the officers that it was the stolen Ford car that he got from the negro; that the officers found a negro named R. L. Smith who ran a woodyard at 392 Buchanan Street in Atlanta and who knew the defendant; that when the officers told the defendant they had found the negro R. L. Smith, of Buchanan Street, he (the defendant) said that Smith "was not the one. I got it from another negro."

. In *Morris* v. *State,* 47 *Ga. App.* 792 (171 S. E. 555), the head-note is as follows: "Where on the trial of one charged with lar-ceny it is shown by the evidence that recently after the commis-sion of the offense the stolen goods were found in the possession of the defendant, that fact would authorize the jury to *infer* that the accused was guilty, unless he explained his possession to their satisfaction." In that case, where the defendant was convicted of the larceny of an automobile, the stolen car was found in his pos-session nine days after the theft. In the instant case (the lar-ceny of the Ford car), the undisputed evidence showed that the stolen car was in the possession of the defendant six days after the theft. And the jury were authorized to find that the defendant's explanation of his possession was not satisfactory to them. It follows that the verdict was authorized by the evidence.

It is obvious from the language of the single special ground of the motion for new trial that it is applicable only to the other case (the larceny of the Chevrolet car). In the other case the defendant was indicted for stealing a Chevrolet coupé belonging to R. L. Roper. The undisputed evidence showed that the car was stolen on March 13, 1937, while it was parked at night in front of the owner's home in Fulton County, Georgia; that when stolen the car had on it a Superior hot-water heater, a Truetone radio, and license tag No. 88464; that the car was never found, but the above-mentioned articles were returned to their owner by officers; that the officers found the Truetone radio and the license tag · No. 88464 on another Chevrolet car (not the stolen Roper car), which the defendant was driving about ten miles from Dawson-ville, Georgia, on March 16 or 17, 1937, which was three or four days after the theft of the Roper Chevrolet car; that the stolen radio was found in the defendant's home about the same time; that the three articles, when recovered by the officers, were in the defendant's possession; that the Chevrolet car which the defendant was driving when arrested was traded to him on March 10, 1937, by Harry Ferguson, who received in exchange from the defendant the Ford car which had been stolen from J. P. Joiner, as herein-before related; that the Chevrolet car when delivered to the de-fendant by Ferguson (on March 10), did not have on it any heater or the license tag that was on it when the car was afterwards seized by the officers; that when the defendant and Ferguson swapped

cars it was agreed that the defendant should bring to Ferguson papers showing title to the Ford car and that Ferguson would then pay the defendant "a hundred and some odd dollars" as boot. And the evidence for the State showed that the defendant never brought the papers to Ferguson or asked him for the money, and that the defendant told the officers that he got the Chevrolet car (not the Roper car) from a man named "Earl," and afterwards said he got it from "R. L." The defendant in his statement to the jury made no attempt to explain his possession of the stolen heater and the stolen license tag, but did attempt an explanation of his possession of the stolen radio by stating that he got it from Earl Chester and was holding it as security for a debt which Chester owed him. The jury, as they had a right to do, evidently determined that his explanation was not satisfactory to them; and they were authorized to infer from the evidence that the automobile in question was stolen by the same person who stole the radio, license tag, and heater. Moreover, the jury had before them in this case the evidence in the other case against the defendant (both cases having been tried together), and they had the right to consider that evidence, since it involved a similar offense, in passing on the guilt or innocence of the defendant in this case. *Claughton* v. *State,* 50 *Ga. App.* 400 (178 S. E. 326); *Ray* v. *State,* 28 *Ga. App.* 758 (113 S. E. 105). In our opinion the verdict was authorized by the evidence.

The single special ground of the motion for new trial complains that the court refused to allow counsel for the accused to propound on cross-examination the following question to one Crawford (a witness for the State): "Earl, on information given as to where Mr. Darnell received this radio, has been indicted in this case and is a fugitive from justice. . ." This alleged question seems to be more of a declaration by counsel than a question. We do not think the ground shows reversible error, especially so since the alleged question refers to the radio only, and the defendant made no explanation whatever of his possession of the stolen heater and the stolen tag.

*Judgments affirmed. MacIntyre and Guerry, JJ., concur.*