28985. HAGAN *v.* THE STATE.

DECIDED SEPTEMBER 12, 1941.

*W. Dewey Smith,* for plaintiff in error.

*John A. Boykin,* solicitor-general, *J. W. LeCraw, Quincy O. Arnold, Durwood T. Pye,* contra.

BROYLES, C. J. The accused was convicted of robbery by force and intimidation. His motion for new trial was overruled and that judgment is assigned as error. The evidence for the State showed the following facts: On the night of July 12, 1940, the defendant entered the liquor store at 2995 Peachtree Road, Fulton County, Georgia, and at the point of a pistol robbed the manager or clerk, Joe Lansing, of a sum of money in the cash drawer. The defendant introduced no evidence, but made a statement to the jury in which he admitted that he entered the store with a pistol with the intent to rob the store, but stated that when he recognized Joe Lansing, an old acquaintance of his, he changed his mind, and that instead of robbing him Lansing, voluntarily and over defendant's protest, gave him the money. It is well settled that a jury has the right to believe portions of a defendant's statement and to disbelieve other portions. So in this case the jury had the right to believe that part of the defendant's statement which admitted that he entered the store with the intent to commit a robbery, and to reject the fantastic statement that Lansing voluntarily gave him the money. Furthermore, Lansing testified in rebuttal that the

758

statement was false and that the accused robbed him at the point of a pistol, and that he (Lansing) shot at the defendant after he had left the store. The verdict was amply authorized, if not demanded, by the evidence.

A ground of the motion for new trial excepts to the refusal of the court to declare a mistrial because of an alleged prejudicial statement made in the testimony of a witness for the State. However, the ground is not argued or insisted upon in the brief of counsel for the plaintiff in error and, therefore, is treated as abandoned. Another ground of the motion complains of the introduction of testimony as to other recent crimes committed by the accused. The offense for which the defendant was being tried occurred on the night of June 12, 1940, and the testimony objected to showed that the defendant robbed five other liquor stores, at the point of a pistol, on the nights of June 13, 1940, June 15, 1940, June 19, 1940, June 23, 1940, and June 28, 1940, respectively. In this case, one of the elements of the offense charged was the intent of the defendant to commit the crime, and in his statement to the jury he said that after entering the store and recognizing Lansing as an old acquaintance he abandoned his intention to rob the store and that Lansing voluntarily gave or lent him the money. The evidence as to other robberies was admissible as tending to show that he took the money from Lansing with the intent to rob. While the evidence as to the other robberies was given before the defendant made his statement, its admissibility is to be determined by this court from the record of the trial court as a whole, including the defendant's statement. The overruling of the motion for new trial was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*