29279. EIDSON *v.* THE STATE.

, DECIDED JANUARY 22, 1942. REHEARING DENIED MARCH 25, 1942.

*E. Harold Sheats, John H. Hudson, H. A. Allen,* for plaintiff in error.

*John A. Boykin, solicitor-general, Durwood T. Pye, E. E. Andrews, Daniel Duke,* contra.

GARDNER, J. Herb Eidson was tried under an indictment containing 3 counts. Count 3 was abandoned. The defendant was acquitted on count 1 and convicted on count 2. A motion for new trial was filed on the general grounds, to which an amendment containing 9 special grounds was allowed. The motion was overruled and the defendant excepted. Special ground 1 is abandoned. Special grounds 3, 4, 5, 6, 8, and 9 are lacking in merit to the extent of warranting a reversal or a detailed discussion. The general grounds will not be discussed, because the assignments of error as to special ground 2 demand a reversal. We will discuss special grounds 2 and 7 in their order.

The defendant contends in ground 2 that the court erred in his charge to the jury as follows: "The defendant contends, gentlemen, that he is a person of good character, general good character, and good character as to peaceableness. The State has introduced evidence to the contrary, and thus another issue is made, and as to what the truth is, you determine." The defendant introduced many witnesses, all of whom without equivocation testified as to the defendant's good character, and his good character as to

peaceableness. The State introduced no evidence to the contrary. Whatever else may be said, the good character of the defendant was established beyond peradventure. We have read the record carefully. There is not the least intimation that the defendant's character, or his reputation for peaceableness, was bad prior to the transaction for which he was being tried. There was no evidentiary issue as to this, and the judge erred in so instructing the jury. In this connection see *Mills* v. *State*, 17 *Ga. App.* 116 (86 S. E. 280); *Shropshire* v. *State*, 81 *Ga.* 589 (8 S. E. 450); *Stevenson* v. *State*, 83 *Ga.* 575 (10 S. E. 234); *Redd* v. *State*, 99 *Ga.* 210 (25 S. E. 268); *Scott* v. *State*, 137 *Ga.* 337 (73 S. E. 575). "The instructions of the court should be adjusted to the evidence, and no instruction should be given upon any theory which is unsupported by evidence." *Betts* v. *State*, 157 *Ga.* 844 (3) (122 S. E. 551); *Manuel* v. *State*, 150 *Ga.* 611 (104 S. E. 447); *Goodson* v. *State*, 162 *Ga.* 178 (5) (132 S. E. 899).

The defense of good character, which the law designates as a "substantive fact," and which "may itself alone be sufficient to generate a reasonable doubt," is that reputation for good character which surrounds the defendant previous to the transaction under consideration. It is the reputation for previous good character. Under the charge complained of the jury could have been impressed to consider the evidence of the State on the transaction then under investigation on this question, since there was no evidence offered as to his bad reputation previous thereto. See *Hart* v. *State*, 93 *Ga.* 160 (20 S. E. 39).

█ The defendant contends in ground 7 that the court erred in his charge to the jury, which we set forth in subdivisions: (a) "The defendant has made a statement in this case in his own behalf, not under oath and not subject to examination or cross-examination, such statement as he deemed fit and proper to make. This statement the law says you should consider along with all the evidence, the facts, circumstances and surroundings as disclosed by the evidence, but you give this statement of the defendant just such consideration as you think it deserves; you may believe it in whole or in part, in preference to the sworn testimony in the case, or you may disregard it in whole or in part; it is a matter entirely for your consideration and determination as to what, if any, credibility the statement of the defendant should be given.

The prima facie presumption of law is that witnesses under oath are worthy of belief, that no witness under oath will wilfully and knowingly testify falsely; this, however, is not a conclusive presumption, it is rebuttable, susceptible of being overthrown by evidence. Now, there is no presumption in law as to the truth or falsity of a defendant's statement; its weight, as I have told you, is entirely and exclusively for your determination. (b) You are made by law the exclusive judges of the evidence in this case, of these cases rather, as I have already told you, the weight thereof, and the credibility of the witnesses, and the defendant's statement, and while you accept the instructions of the court as the law of the case, it is your exclusive right to apply the law as given you in charge by the court to the facts of the case as you determine them to be from the evidence introduced, considering, as I have already told you, along with the evidence the statement as made by the defendant." Movant contends that the above-quoted charge was argumentative, minimized the effect of the statement of the defendant, was an intimation that the statement of the defendant should have little, if any, weight with the jury, and was therefore, hurtful, harmful, and prejudicial to the cause of the defendant, and was error requiring the grant of a new trial.

The majority of the court hold that the charge here dealt with was not error requiring a new trial. They are of the opinion that while it has been many times suggested by the Supreme Court to the trial judges that it is "better in charging on the defendant's statement, to follow the statute and there leave the matter" (*Morgan* v. *State,* 119 *Ga.* 566, 46 S. E. 836), and by this court that "it is better practice for trial judges, in charging upon the defendant's statement, to confine themselves to the statute just as it reads. It can not be improved upon, so long as it remains of force" (*Bates* v. *State,* 18 *Ga. App.* 718, 724, 90 S. E. 481; *Collins* v. *State,* 66 *Ga. App.* 325, 18 S. E. 24), nevertheless many of the trial judges seem to prefer, at their peril, to be more specific than the statute in their instruction to the jury. And if this question were being presented to this court as an original proposition, we might be inclined to hold that such a charge was reversible error. However, such a charge as here given has been held not reversible error in *Cornwall* v. *State,* supra. We therefore think we are bound by that decision of the Supreme Court and are constrained to hold

that the charge here excepted to was not reversible error. See in this connection *Hilton & Dodge Lumber Co.* v. *Ingram,* 135 *Ga.* 696 (3) (70 S. E. 234); *Franklin* v. *First National Bank of Atlanta,* 187 *Ga.* 268 (200 S. E. 679).

The writer dissents from the ruling of the majority in this division of the opinion. A statement of a defendant should never go to the jury discredited because of the differences in standards of credibility with which the law clothes the sworn testimony and the defendant's unsworn statement, save only as inheres analytically in the differences and as naturally follows in proper, separable charges, as so perfectly presented in *Cornwall* v. *State,* supra. Under the charge in this case, the writer can not see that that case is controlling as to that part of the charge herein set out as (a). It is reversible error for the court so to charge the jury as to present the differences either in argumentative manner or by juxtaposition of the charges thereon, or by both, so that the jury will be unduly impressed on the one hand with the ultra-acceptable value of the testimony because of its being under oath and worthy of belief, and because of the presumption, though rebuttable, that witnesses will not wilfully and knowingly testify falsely, and on the other hand, with the questionable, derated value of the defendant's statement, minimized because of it not being under oath and because of there being no presumption of its truth or falsity. Whatever may be said of the defendant's statement, in that there is no presumption of its truth or falsity (*Cornwall* v. *State,* supra), its acceptance in whole or in part by the jury, at its option, in preference to the sworn testimony, is unto the defendant who is presumed to be innocent no idle gesture in law. It is a vital right, and must not be in law discredited, however much the jury may or may not discredit it in fact. Therefore, when the court charged the jury in the instant case on the defendant's statement, and interspersed it with the instruction that "the prima facie presumption of law is that witnesses under oath are worthy of belief, that no witness under oath will wilfully and knowingly testify falsely; this, however, is not a conclusive presumption, it is rebuttable, susceptible of being overthrown by evidence;" and then continued, in juxtaposition thereto, as follows: "Now, there is no presumption in law as to the truth or falsity of a defendant's statement; its weight as I have told you is entirely and exclusively for your determination;"

the writer thinks the word "now" so used became an arresting word to the jury, and introduced the clause which immediately followed in argumentative comparison, to exalt in law the value of the sworn testimony and discredit in law the value of the unsworn statement, to the injury and prejudice of the defendant. Whatever may be the right of the trial court to charge the principles of law, one in juxtaposition with the other (*Cornwall* v. *State*), yet when in juxtaposition the court employs an arresting word which can only serve to arrest the jury's attention, to emphasize the difference to the prejudice of the defendant, the writer thinks that this court is not controlled by *Cornwall* v. *State,* supra; that the trial court committed harmful error, and that the case should be reversed as to this assignment of error also.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur in the reversal in accordance with division 1 of the opinion. Gardner, J., dissents from division 2 of the opinion.*

MacIntyre, J., concurring specially. It is well to note that the charge referred to in division 1 of the majority opinion does not relate to correct, but abstract, rules of law which are to be applied to the impeachment of witnesses on account of general bad character, but which should not have been given because there was no evidence to which the rules could possibly be applied. *Kelly* v. *State,* 118 *Ga.* 329 (45 S. E. 413) ; *Geer* v. *State,* 184 *Ga.* 805 (193 S. E. 776), and cit.; *American Fidelity & Casualty Co.* v. *McWilliams,* 55 *Ga. App.* 658 (8) (191 S. E. 191). But here the charge related to the actual general good character of the defendant, which under our law is a substantive fact, and positive evidence of such a fact may of itself, by the creation of a reasonable doubt, authorize an acquittal. *Seymour* v. *State,* 102 *Ga.* 803, 805 (30 S. E. 263). Here, in a long and arduous trial, the recollection of the judge was faulty, and he charged the jury in effect that evidence of the defendant's actual general bad character had been introduced, creating a material issue, when in truth and in fact no such evidence had been introduced. I think there is a strong probability that the jury assumed from this definite and positive statement from the judge in his charge that such evidence had been introduced, and that such evidence raised an issue which they must determine, and was in effect giving to the State the benefit of evidence that had never been introduced, and this was not only

error but harmful error. *Hart* v. *State,* 93 *Ga.* 160 (20 S. E. 39) ; *Moore* v. *State* 57 *Ga. App.* 287 (4) (195 S. E. 320) ; *American Surety Co.* v. *Smith,* 55 *Ga. App.* 633, 642 (191 S. E. 137) ; *Bryant* v. *State,* 65 *Ga. App.* 523, 531 (16 S. E. 2d, 241).

### ON MOTION FOR REHEARING.

GARDNER, J. The defendant was tried on an indictment containing three counts. He was convicted on one count for a battery alleged to have been committed in 1939. The State abandoned a count which alleged another battery in 1938, and he was acquitted on one count. It is contended, since the State abandoned such count, and since the jury acquitted on another count as to a crime alleged to have been committed in 1938, that the evidence submitted to the jury on the year 1938 transactions was sufficient evidence to form an issue as to the general good character of the defendant. To this we can not agree. Evidence of good character of the defendant means evidence of good character *previously* to the transaction under investigation. This is quite a different proposition from the principle of law that similar criminal transactions committed by the defendant may be considered by the jury, under certain restrictions, in order to show the bent of the defendant's mind. This principle and theory was not submitted to the jury. We do not think that the evidence on either of the counts on which the defendant was tried could be considered by them as evidence to rebut the evidence of the defendant as to his previous good character.

The following cases are cited by the movant: The decision in *Barnes* v. *State,* 24 *Ga. App.* 372 (4) (100 S. E. 788), covered only one question, i. e., whether the statement of the defendant was sufficient to permit the State to introduce evidence to rebut the good character of the defendant, and thus form an issue for the jury as to the character of the defendant. In *Turner* v. *State,* 43 *Ga. App.* 799, 814 (160 S. E. 509), the defendant in his statement submitted his good character, and the court allowed evidence to rebut this, in view of other evidence of other transactions to show the bad character of defendant. The defendant was not on trial for the other transactions. In *Claughton* v. *State,* 50 *Ga. App.* 400 (178 S. E. 326) the court based the opinion on the proposition that the evidence was admitted for the purpose of showing motive and intent, and the trial court so charged. This bent of mind

was shown by similar transactions for which he was not being then tried; and the court held the charge was not error, even though there was evidence admitted on other transactions for which he was then being tried by agreement along with the transaction on which he was convicted. In *Hagan* v. *State*, 65 *Ga. App.* 757, 758 (16 S. E. 2d, 511), the court held: "Another ground of the motion complains of the introduction of testimony as to other recent crimes committed by the accused. The offense for which the defendant was being tried occurred on the night of June 12, 1940, and the testimony objected to showed that the defendant robbed five other liquor stores, at the point of a pistol, on the nights of June 13, 1940, June 15, 1940, June 19, 1940, June 23, 1940, and June 28, 1940, respectively. In this case, one of the elements of the offense charged was the intent of the defendant to commit the crime, and in his statement to the jury he said that after entering the store and recognizing Lansing as an old acquaintance he abandoned his intention to rob the store and that Lansing voluntarily gave or lent him the money. The evidence as to other robberies was admissible as tending to show that he took the money from Lansing with the intent to rob. While the evidence as to the other robberies was given before the defendant made his statement, its admissibility is to be determined by this court from the record of the trial court as a whole, including the defendant's statement. The overruling of the motion for new trial was not error."

It will thus be seen that the ruling in the instant case is not in conflict with the rulings in the cases cited.

*Rehearing denied. Broyles, C. J., and MacIntyre, J., concur.*