## ROSS v. THE STATE.

No. 14133.   September 22, 1942.

*William Butt* and *Wood & Spence,* for plaintiff in error.

*Ellis G. Arnall, attorney-general, H. G. Vandiviere, solicitor-general* and *E. J. Clower, assistant attorney-general,* contra.

ATKINSON, Presiding Justice.   On the trial for the offense of robbery by force (Code, § 26-2502) the judge charged the jury that "something has been said about the fact that the money has been paid to Mrs. King" (the prosecutrix, a sister of the defendant).   "In that connection I charge you that if you should find that the offense was committed, as charged in the bill of indictment, that then the repayment of the money by the defendant or by some one for him would not affect the crime, if you find that a crime was committed, because our law provides that" the judge then quoting Code sections 26-4603, 26-4604, with respect to the crime of compounding a felony.   Error is assigned on this charge, for the reason that it was not warranted by the evidence, that it was not adjusted to the evidence, that it was misleading to the jury, calculated to confuse their minds by leading them to believe that the defendant or some one for him had sought to compound a felony and to suppress the prosecution of his case, and that it was therefore tantamount to an expression of opinion by the court that "in the present case there had been an attempt on the part of the defendant to compound a crime" or to settle the case by repayment of the money to the prosecutrix.   The jury, finding the defendant guilty recommended that he be punished as for a misdemeanor (Code, § 27-2501; *Anderson* v. *State, 59 Ga. App.* 886, 2 S. E. 2d, *515*), and the defendant was sentenced to serve twelve months on the public works.   The general grounds of the motion for new trial, which was overruled, are expressly abandoned; and the only question remaining is whether the foregoing charge was such prejudicial error as to require a reversal.

The trial was had only a few days after the crime was committed. The prosecutrix testified that she appeared before the grand jury on Monday morning (apparently to procure the indictment), and that the money which had been taken from her ($565) had been returned to her by the wife and daughter of the defendant on Wednesday of the same week. The trial was on Thursday. The defendant offered no evidence. In his statement at the trial he contended that he took the money from his sister for her own protection, because she was drinking. He said he took the money and put it in the bank, and told his wife to pay the money over to her, stating that he supposed his wife did, and that by that time he was in jail.

In the briefs filed by the State it is conceded that there was no evidence to authorize the portion of the charge under attack, but it is contended that the error was not harmful or prejudicial. There was nothing in the record to show the compounding of a felony. The essential elements of that crime were lacking. *Hays* v. *State*, 142 *Ga.* 592 (83 S. E. 236) ; *Sheppard* v. *State*, 151 *Ga.* 27 (105 S. E. 601). The instruction by the judge that the repayment of the money would not affect the crime stated a correct principle of law (*McGinty* v. *State*, 97 *Ga.* 368, 23 S. E. 831), and it was appropriate under the facts in the present case. The difficulty arises over the effort to apply the two Code sections in respect to the crime of compounding a felony. The mere giving of a charge which is inapplicable to the evidence and which is not harmful to the defendant is not cause for a new trial. *Geer* v. *State*, 184 *Ga.* 805 (193 S. E. 776) ; *Foremost Dairy Products Inc.* v. *Sawyer*, 185 *Ga.* 702, 719 (196 S. E. 436), and cit. "Though a part of the charge from the court to the jury may not be pertinent to the issues involved, if it be so clearly irrelevant to such issues that the jury could not have been misled or confused by the giving of such instruction, a new trial will not be granted upon the ground that it was error to give it. It was error, but it was harmless." *Jackson* v. *Kight*, 159 *Ga.* 584 (2) (126 S. E. 379). See *Ward* v. *State*, 184 *Ga.* 566 (191 S. E. 916). But generally instructions must be warranted by the evidence; and where instructions are given that are not warranted and are calculated to confuse the jury, then the fact that such unauthorized instructions may have stated the law correctly in the abstract will not avoid a new trial.

**516**

*Davis* v. *State,* 190 *Ga.* 100 (2) (8 S. E. 2d, 394). See *Betts* v. *State,* 157 *Ga.* 844 (122 S. E. 551); *Central Georgia Power Co.* v. *Cornwell,* 139 *Ga.* 1, 5 (76 S. E. 387, Ann. Cas. 1914A, 880); *Manuel* v. *State,* 150 *Ga.* 611 (104 S. E. 447); *Wylly* v. *Gazan,* 69 *Ga.* 506 (3); *Smith* v. *Overby,* 30 *Ga.* 241; *Gaines* v. *State,* 99 *Ga.* 703 (26 S. E. 760). Considering these principles, it can not be ruled, under the facts of the instant case, that the charge given was without harm to the defendant. It was error because there was no evidence as to the compounding of a felony to authorize it. It was or could have been harmful, because at least it could have confused the jury by permitting them to consider another crime for which the defendant was not on trial and of which there was no evidence. A new trial should have been granted.

*Judgment reversed. All the Justices concur.*