## HUMPHREYS v. SMITH, administrator.

1. Where a party on cross-examination propounds a question to a witness whose testimony is to be taken by interrogatories, asking such witness what a certain person interested in the case said to the witness about the case, and the witness's answer to the interrogatory is read to the jury without objection, the right of the propounder afterwards to withdraw the testimony rests in the sound discretion of the judge.
2. A charge relating to the credit to be given a witness sought to be impeached, to the effect that if a witness swears wilfully and knowingly false his testimony is to be disregarded entirely, is erroneous; its vice consists in the omission of the qualification of the rule that the testimony of such witness is to be entirely disregarded only when it is not corroborated by circumstances or other unimpeached evidence.
3. The other assignments of error are without merit.

Submitted May 7,—Decided November 17, 1909.

Claim.　Before Judge Mitchell.　Lowndes superior court.　November 26, 1908.

C. S. Morgan, for plaintiff in error.　O. M. Smith, contra.

Evans, P. J.　Elvira E. Black, late of Lowndes county, died seized and possessed of a certain tract of land, which her administrator, O. M. Smith, was proceeding to sell.　F. M. Humphreys filed a claim to a specified portion of the land, and the papers were duly returned to the superior court of Lowndes county for trial. In the superior court Humphreys filed an equitable amendment in aid of his claim, wherein he alleged in substance that the intestate, in consideration of certain services rendered by him to her, had put him in possession of the land described in the claim, that he had erected valuable improvements thereon, and that the intestate had died without making him a deed, notwithstanding she promised and intended to do so. The trial of the case resulted in a verdict for the administrator, which the court refused to vacate on motion for a new trial.　The bill of exceptions complains of this ruling.

1.　At the trial the administrator read and introduced in evidence the interrogatories and answers of Elizabeth Black.　Counsel for the claimant moved the court to rule out the answer to the fifth cross-interrogatory, wherein the witness was asked the following question: "Since the first trial what has your son, Richard Black, said to you about the case; state fully and particularly?"　The witness answered: "Since the first trial I have talked with Richard Black and have always told him what I have answered in these in-

terrogatories to-day.   He always said he believed that Elvira
wanted each one of the heirs to have an equal division, and he told
me that he thought Frank Humphreys wanted to get hold of part
of the land on the south side of the creek next to the home place."
It was insisted that this answer should be ruled out, because it was
hearsay and irrelevant.   No objection was made to the answer
until after the interrogatories had been read to the jury.   It was
the manifest intention and purpose of the claimant, in asking the
question on cross-examination, to show that a party, whose interest
was adverse to the claimant, had been talking with the witness
since the former trial, with a view of inducing her to give testi-
mony favorable to the administrator.   The witness was asked for
hearsay testimony, and the answer was responsive to the question,
though the answer was of a tenor different from what the claimant
hoped it would be.   A party can not by his own question elicit
incompetent testimony, and then, simply because the testimony so
elicited is unfavorable to him, demand as a matter of right that it
be ruled out.   Hearsay evidence is inadmissible and can always
be excluded by timely objection.   But where no objection is made
at the time or where the complaining party himself asks for hearsay
testimony which turns out to be unfavorable to him, it is in the
sound discretion of the trial court whether the testimony will be ex-
punged from the record; and the refusal of the court to rule out in-
competent testimony received without objection will not be ground
for a new trial, unless that discretion has been abused.   The dis-
cretion should be exercised in the light of the circumstances of each
particular case.   *Birmingham Lumber Co.* v. *Brinson,* 94 *Ga.* 517
(20 S. E. 437) ; Matter of Morgan, 104 N. Y. 74, 85 (9 N. E.
861) ; Levin *v.* Russell, 42 N. Y. 251, 256; State *v.* Hummer, 73
N. J. L. 714 (65 Atl. 249).

2.   Complaint is made that the court erred in charging the jury:
"If you should believe from the testimony that a witness has been
impeached, as wilfully, knowingly, absolutely and falsely swearing
to a material matter in the case, then such witness would not be
entitled to credit or belief in any matter; that is a matter to be
determined by the jury."   The criticism upon this charge is that
the court should have added that the testimony of a witness who
has wilfully, knowingly, and falsely sworn should be disregarded,
unless corroborated by circumstances or other unimpeached evi-

dence.    The charge is an incomplete statement of the rule of law as to the credit to be given to a witness sought to be impeached. The Civil Code, § 5295, declares that "If a witness swears wilfully, knowingly, and absolutely false, his testimony, ought to be disregarded entirely, unless corroborated by circumstances or other unimpeached evidence."    It is apparent that the charge is faulty for the reason pointed out in the assignment of error.    The whole charge is contained in the record, and it nowhere appears that this defect was remedied.    The claimant relied, in the main upon his father's testimony to establish a parol gift of the land which is claimed.    The administrator offered testimony that the father had made previous contradictory statements concerning the alleged parol gift.    There was other evidence introduced by the claimant, tending to support the evidence of the father.    The charge complained of was calculated to impress the jury that if they should believe the impeaching evidence, the testimony of the father was to be rejected, without reference to its corroboration by circumstances or other unimpeached evidence appearing in the case.

3.    There are several other grounds in the motion for new trial, but they are without substantial merit.    It is not necessary to discuss the ground based upon newly discovered evidence, as there will be another trial.    *Judgment reversed.    All the Justices concur.*