### 3902.  SOLOMON *v.* THE STATE.

RUSSELL, J.  1. There was no error in overruling the motion for a continuance, especially in view of the fact that it did not appear that the movant had subpœnaed the absent witness before he left the jurisdiction of the court, or had exercised any diligence in attempting to procure his presence.

2. Under the facts of this case, failure of the court to instruct the jury upon the subject of alibi was not reversible error, in the absence of a timely and appropriate written request. *Smith* v. *State,* 6 *Ga. App.* 577 (65 S. E. 300).

3. It is within the power and right of a jury to believe a witness, no matter what effort may have been made to impeach him, or what testimony has been presented for that purpose, and even though the witness be not corroborated. The credibility of witnesses is exclusively for the jury, and it is not error to instruct the jury that they may accept the explanation of a witness as to why he has made contradictory statements, even though it be not sustained by other facts or circumstances.

4. There was no error in allowing a witness to state, in explanation of his reason for leaving his former residence, that he did so because certain persons put him in fear of his personal safety. It not appearing that the defendant was one of the parties who were alleged to have intimidated the witness, the testimony could not have been prejudicial to the defendant, but would seem to have been rather to his advantage.

5. The evidence authorized the verdict, and the trial appears to have been free from error.                    *Judgment affirmed.*

DECIDED JANUARY 30, 1912.

Indictment for arson; from Coffee superior court—Judge Parker. November 24, 1911.

*O'Steen & Wallace,* for plaintiff in error.
*M. D. Dickerson, solicitor-general,* contra.