12616.   CAROLINA PORTLAND CEMENT CO. *v.* ZUBER.

STEPHENS, J. 1. Where from the nature of the evidence adduced upon the trial it appears that an amendment which was rejected could not have been sustained by proof, and that therefore its allowance could have been of no benefit to the party offering it, its rejection and disallowance by the court, even if error, was harmless.

(a) In a suit by a purchaser against a seller, to recover damages for a failure of the seller to deliver personal property in accordance with the contract of sale, where the petition alleged that the contract called for "immediate delivery" and the plaintiff offered an amendment striking this allegation and alleging in lieu thereof that the contract called for "immediate shipment," which amendment was rejected and disallowed by the court, but where on the trial it appeared from the testimony of the petitioner himself, or, as in the case under consideration, the agent of the petitioner who negotiated the contract, that the contract called for "immediate delivery," it is clearly apparent that had the amendment been allowed, the plaintiff could not without contradicting his own testimony have established that the contract called for "immediate shipment," as alleged in the amendment; assuming that, as contended, there is a difference between "immediate shipment" and "immediate delivery."

2. As to what period of time would be a compliance with the contract as to "immediate delivery," within which the property contracted to be

sold should, after leaving the seller, reach the purchaser, was a question of fact for determination by a jury, and therefore the opinion of a witness as to what constituted a reasonable time was properly rejected.

3. The grounds of the motion for a new trial not dealt with above are without merit.

4. The evidence supports the verdict, and no error of law appears.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*
DECIDED SEPTEMBER 26, 1922.

Complaint; from Fulton superior court — Judge Pendleton. June 2, 1921.

*E. A. Neely,* for plaintiff. *Mayson & Johnson,* for defendant.