### 17826.  BELL v. TUCKER.

STEPHENS, J.  1. Where a bond for title to land contains a provision whereby, upon the payment of the balance due upon the purchase-money at the time agreed upon, the obligor will make to the obligee a good and sufficient warranty deed to the land with the title unincumbered, and will give to the obligee possession, a failure of the obligor to pay off a mortgage which is upon a part of the land, and to acquire an outstanding title to another part of the land, and to convey to the obligee the land unincumbered and to give him possession thereof upon the latter's offer to perform by payment of the balance due upon the purchase-money under the terms of the bond, amounts to a breach of the bond by the obligor and gives to the obligee out of possession a right of action against the obligor upon the bond for damages sustained by the obligee as a result of the breach.

2. This being a suit by the obligee against the obligor to recover damages for an alleged breach of the bond for title, under the above rulings the petition set out a cause of action. The petition having been amended to meet the defects pointed out in the special demurrers, there is no merit in the exceptions of the defendant that the trial court erred in overruling the demurrers interposed to the petition.

3. Where it afterwards appears from the evidence adduced upon the trial that the ruling made by the court upon a demurrer was harmless to the party objecting thereto, the judgment of the court on the demurrer will be affirmed. *Carolina Portland Cement Co.* v. *Zuber*, 29 *Ga. App.* 96 (1) (113 S. E. 813).

4. Since it appears conclusively from the evidence that the defendant committed a breach of the bond for title sued upon, as alleged in the petition, and that therefore there was no breach of contract upon the part of the plaintiff, a rejection by the court of an amendment offered by the defendant, alleging by way of counterclaim a breach of the contract by the plaintiff to the damage of the defendant, was harmless to the defendant.

5. Where, upon the trial, the issue is as to the value of land at a particular time, evidence as to the value of lands immediately adjoining and their adaptability to particular uses and the uses to which they are put, and also evidence as to the general character of lands in that section of the country for a particular purpose, as that they are suitable for the cultivation of pecans and peaches and were in use for such cultivation, is relevant as furnishing circumstances which, when taken in connection with direct evidence as to the value of the land, would tend to establish the value of the land in controversy.

6. Upon an issue as to the value of land, evidence as to its physical condition and its adaptability for certain purposes, as the raising of pecans and peaches, and the probable uses to which it can be put, as for such purposes, is relevant and admissible as furnishing circumstances which, when taken in connection with direct evidence as to the value of the land, would tend to establish its value.

7. An offer made to buy land at a certain price is relevant and admissible in behalf of an owner, or one whose interest it is to establish a high

value for the land, as a circumstance to be taken in connection with other evidence tending to establish the fact that the land is worth at least the amount of the offer. 22 C. J. 179, § 123; *Georgia, Florida & Alabama Ry. Co.* v. *Spivey*, 14 *Ga. App.* 157 (3) (80 S. E. 678).

8. In a suit by the obligee in a bond for title against the obligor to recover damages for an alleged breach of the bond by the defendant, a letter from the obligor to the obligee, written about the time of the alleged breach, in which reference is made to the obligee's claim of a breach of the bond and in which the obligor states that she had an opportunity to sell the land at a profit in a certain sum named, is relevant as evidence of an admission by the obligor that the land had, at the time of the alleged breach of the bond, increased in value in that amount over the contract price.

9. The rule that where land is bought by the tract a deficiency in the number of acres will not, in the absence of fraud, authorize the purchaser to rescind, is not applicable to a case where the vendor breaches a covenant of warranty by reason of inability to make good title to a part of the land included in the description of the land sold.

10. In a suit by the obligee in a bond for title against the obligor to recover damages for an alleged breach of the bond by the defendant, consisting in her failure and inability to make a full warranty title to the entire land in accordance with the terms of the bond, by reason of a lack of title in the obligor to a part of the land described, and also by reason of the existence of a mortgage upon another part of the land described, where it appears from undisputed evidence that the defendant obligor committed a breach of the bond in failing to comply with the obligation to make a full warranty title to the described land by reason of a lack of title to a part of the land, it is immaterial whether the defendant obligor had not breached the bond by reason of a failure to convey the property unincumbered with the mortgage. In such a case it was not error to instruct the jury that the defendant had committed a breach of the bond and to submit to the jury the issue as to the amount of damage; and it was not error to refuse to give in charge certain requested instructions which would have submitted to the jury an issue as to whether the defendant had breached the bond by reason of a failure to remove the incumbrance upon the land represented by the mortgage.

11. Where, because of an outstanding title to a part of the land, the obligor is unable to comply with his obligations under the bond, no tender of the purchase-money by the obligee is necessary. Only an offer by the obligee to perform by payment of the purchase-money, and not actual tender of the money, is sufficient. *Baynes* v. *Bernhard*, 12 *Ga.* 150; *Hunt* v. *Formby's Guardian*, 43 *Ga.* 79; *Booth* v. *Saffold*, 46 *Ga.* 279 (2); *Irwin* v. *Askew*, 74 *Ga.* 581 (4).

12. The court properly instructed the jury that the plaintiff could recover in an amount representing what he actually paid to the defendant upon the purchase price of the land. It was an issue of fact as to whether certain expenses incurred by the plaintiff, such as attorney's fees, surveyor's fee, and expenses of a trip to the defendant's home, were necessarily incurred by him in complying with his contract, and it was also in the discretion of the jury as to whether, when finding an

amount representing the difference in the contract price and the value of the land at the time of the breach, they should include an amount representing interest upon the sum found from the date of the breach. The court therefore erred in instructing the jury that these expenses incurred by the plaintiff could be recovered by the plaintiff as a matter of law, and also erred in instructing the jury that they should find interest on the amount which they should find to represent the difference in the contract price and the value of the land at the date of the breach.

13. Where the jury brought in a verdict for the plaintiff in an amount representing their finding on an issue submitted to them as to the difference between the contract price of the land and its value at the date of the breach, and in addition thereto found for the plaintiff upon the other items of damage as directed by the court, but failed to stipulate the amount found for such latter items, the court, in directing the jury to rewrite the verdict and to bring in a verdict in a lump sum representing the aggregate of these amounts, did not express any opinion upon facts in issue, and such instruction was therefore not error.

14. Except as indicated above, the court, fairly to the defendant, submitted all the issues to the jury, and no error appears.

15. Since in the amount found for the plaintiff by the jury there is necessarily included a finding in an amount representing the items for certain expenses alleged to have been incurred by the plaintiff, which the court erroneously directed the jury to find, the verdict in the amount found for the plaintiff can not be allowed to stand. Since a verdict in an amount representing the difference in the contract price and the value of the land at the date of the breach, and in an amount representing the amount paid on the purchase-money by the plaintiff to the defendant, was authorized by the evidence, and since it appears from the verdict as originally brought in, which the court directed the jury to amend, that the jury found for the plaintiff in the sum of $4000 as representing the difference in the contract price and the value of the land at the date of the breach, and that the jury found for the plaintiff in an additional sum of $1000, representing the payment made by the plaintiff to the defendant upon the purchase price of the land, the judgment will be affirmed on condition that the plaintiff will, at the time the remittitur from this court is made the judgment of the court below, write from the verdict an amount which will reduce the verdict to a finding in favor of the plaintiff in the lump sum of $5000, with interest at 7 per cent. on $1000 thereof from the date the plaintiff paid to the defendant $1000 upon the purchase price of the land; otherwise the judgment will be reversed.

*Judgment affirmed on condition. Jenkins, P. J., and Bell, J., concur.*

DECIDED OCTOBER 1, 1927.

Damages; from Calhoun superior court—Judge Custer. November 20, 1926.

*A. L. Miller, H. A. Wilkinson,* for plaintiff in error.

*Hooper Alexander,* contra.