### 19890. HAMRICK *v.* HARALSON COUNTY.

STEPHENS, J. 1. In a suit against a county in which the plaintiff seeks to recover damages for the homicide of her son, which, it was alleged, was caused by his driving his automobile onto a bridge and running off the bridge at a place where one of the spans of the bridge had, by reason of the rottenness of the timbers of the bridge, fallen in, and where upon the trial it appears from the uncontradicted testimony that the homicide of the plaintiff's son was caused by the automobile falling into the open space left after the span in the bridge had been removed by the county in making repairs on the bridge, and that it was not caused by reason of the rotten condition of any of the timbers which composed the bridge, it was not error prejudicial to the plaintiff for the court to exclude testimony offered by the plaintiff to the effect that at the time of the injury some of the timbers in the bridge were rotten, and that this fact had been made known to the county authorities, nor was it error for the court to instruct the jury that they need not consider any ground of negligence predicated upon the fact that the timbers in the bridge were rotten.

2. A charge that, if the bridge had been closed for travel in such a manner as would put the deceased on notice that it was unsafe for travel, it is immaterial whether the bridge was so closed by the agents of the defendant or by some one else, is not subject to the objection that it constituted error in withdrawing from the jury the consideration of the manner in which the bridge was closed, whether by the county or by some one else, or that it withdrew from the jury the consideration of whether the deceased was in the exercise of ordinary care in driving on the bridge.

3. The duty resting on a person to avoid the consequences of another's negligence after it becomes apparent is not absolute, but is only a duty to exercise ordinary care to prevent the consequences of such negligence. A charge that the plaintiff could not recover if the defendant was negligent with respect to closing the bridge or posting notices of its dangerous condition if such negligence was apparent to the deceased

when he drove upon the bridge was error in that it instructed the jury that the mere fact of the defendant's negligence being apparent to the deceased would bar a recovery. This error is not cured by the language of the charge immediately following, that "although the defendant may have been negligent in the manner charged, if by the exercise of ordinary care the deceased could have discovered this negligence and could have prevented the injury, then the plaintiff can not recover," since this excerpt from the charge had reference only to the duty resting upon a person to avoid the consequences of another's negligence where this negligence was not apparent, but only where, in the exercise of ordinary care, it could have been discovered.

4. The court having erred prejudicially to the plaintiff as indicated in paragraph 3 above, it was error for the court to overrule the plaintiff's motion for a new trial, in which the plaintiff excepted to the verdict rendered in her favor.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 21, 1930.

*H. J. McBride,* for plaintiff.
*Griffith & Matthews, J. S. Edwards,* for defendant.