### 22377. WRIGHT v. THE STATE.

BROYLES, C. J. 1. "Where it appears from the ground of a motion for a new trial, based upon the contention that one of the jurors trying the defendant was related to the prosecutor within the prohibited degree, that affidavits were adduced by the defendant in support of that contention, and that the State produced affidavits that no such relationship existed, the court's finding upon the question presented is conclusive." *Dent* v. *State*, 43 *Ga. App.* 153 (2) (158 S. E. 62). Under the foregoing ruling and the facts of the instant case, it does not appear that the court abused its discretion in overruling the amendment to the motion for a new trial.

2. The verdict was authorized by the evidence. While the only direct evidence of the defendant's guilt was the testimony of a witness who admitted on cross-examination that he was an ex-convict, and that before the defendant's trial he had signed an affidavit stating, in substance, that he knew nothing connecting the defendant with the offense charged, yet "it is within the power and right of a jury to believe a witness, no matter what effort may have been made to impeach him, or what testimony has been presented for that purpose, and even though the witness be not corrobated." *Solomon* v. *State*, 10 *Ga. App.* 469 (3) (73 S. E. 623).

3. The refusal to grant a new trial was not error.

*Judgment affirmed. Luke and Hooper, JJ., concur.*

DECIDED AUGUST 31, 1932.

*Chastain & Henson,* for plaintiff in error.
*A. B. Spence, solicitor-general, Mingledorff & Gibson,* contra.