GRIFFIN *et al. v.* WILLIAMS *et al.*

No. 10037.   JULY 12, 1934.

*A. B. Conger,* for plaintiffs in error.
*W. V. Custer & Son,* contra.

BECK, P. J.   This suit was brought to recover certain described property which the plaintiffs claimed belonged to Ethel and Louola Williams, to which they had given a security deed for money advanced by J. H. Griffin, who, in the exercise of the power of sale

contained in the deed, sold the property to his wife, Elaine Griffin. The trial resulted in a judgment in favor of the plaintiffs for $251.90, an amount less than claimed by the plaintiffs upon an accounting, as to which evidence was introduced. A motion for a new trial, made by the Griffins, was overruled, and upon that ruling error is assigned. To the original motion on the general grounds three grounds were added by amendment. The first and second grounds of the amendment are elaborations of the general grounds, in which it is contended that under the evidence, in connection with the admissions in the pleadings, a verdict for a larger amount than that allowed by the jury was demanded. As the judgment refusing a new trial is reversed on another ground, no opinion is expressed as to the sufficiency of the evidence.

In the other special ground error is assigned upon the refusal of the court to admit the testimony of a named witness, an attorney at law, apparently upon the ground that it was a privileged communication between attorney and client, as to which an attorney is not competent or compellable to testify. Counsel objecting to the evidence did not state specifically the ground on which he based his objection, but indicated that this was the ground. Nor did the judge state specifically upon what ground he excluded the evidence, except to say that "The witness has testified that his relation on this occasion was as attorney and client, and I don't think the testimony competent." Before making the ruling that it was not competent evidence, the following colloquy took place: R. G. Hartsfield, an attorney at law, was called as a witness for the defendant and sworn; and while he was on the stand the following transpired on direct examination:

Q. "Do you know Ethel Williams and Louola Williams?" A. "Yes, sir."

Q. "Did you ever have occasion to represent them and advise with them as their attorney at law?" A. "Yes, sir."

Mr. Custer (opposing attorney): "I have the most profound respect for Mr. Hartsfield. He is my personal friend, but the law says he can't testify to any transactions with respect to his clients whom he has represented."

Mr. Hartsfield: "I didn't know he asked about the transactions. He did ask if I represented them. I think that is competent."

The court: "That is competent so far."

Q. "I will ask you, Mr. Hartsfield, if any transaction took place in your office, not stating what the transaction was, between Dr. Griffin and these two women?" A. "Yes, sir, both of them came to my office one day and told me they lost their home in West Bainbridge, which I knew, and they wanted me to arrange to get some money for them to build a house down on Planters Street."

Judge Custer: "He was their counsel. That is this transaction."

The court: "Judge Custer is right about that."

Mr. Hartsfield: "I will state this, I was not at that time their employee, or counsel in this matter. They came to me, as I thought, as a friend, to help them get the money."

Q. "Had you represented them in previous matters?"

A. "That was settled and gone."

Q. "You didn't receive any money for this particular work?"

A. "I don't recollect at this time."

Mr. Custer: "Unless it appears that it was gratuitous, the objection is still good."

Mr. Hartsfield: "I can tell what I did before any employment."

Q. "All right."

A. "That is, to get in touch with Dr. Griffin."

Mr. Custer: "That leads up to employment."

Mr. Hartsfield: "It did lead up to that, and probably I got pay for drawing up these papers."

Q. "I will ask if you witnessed this security deed?"

A. "I drew it and witnessed it."

Q. "I will ask if there was any dissatisfaction between either of the parties with reference to this matter?"

The court: "Don't answer that. The witness has testified that his relation on this occasion was as attorney and client, and I don't think the testimony competent, and so hold."

At this point the jury was taken from the presence of the court to the jury room, and the witness to whose testimony objection was made stated that he would testify, if permitted, as follows: "That he was called upon as an attorney to prepare the deed to secure debt and the notes, which deed was signed by the plaintiffs, Ethel Williams and Louola Williams; that he did prepare such papers for the plaintiffs, agreeably to and with the consent of the defendant Griffin, and that Griffin and the plaintiffs, Ethel Williams and

Louola Williams, checked up and figured out the amount that was due to Griffin, and that said settlement between them, eventuating in and evidenced by the security deed and the eighty-two promissory notes, eighty notes for $20.00 each, one for $12.92 and one for $168.95, was the amount agreed upon by the plaintiffs, Ethel Williams and Louola Williams, as being the true and correct amount due to J. H. Griffin after they had figured on and checked up the amounts advanced by Griffin and due by the plaintiffs to him; that he did not remember whether he was paid any fee at the time or not, but that he had represented Ethel Williams and her husband in other matters previously." The court, on motion, excluded the evidence of the witness.

We are of the opinion that this ruling was error. The facts to which the witness proposed to testify did not relate to any secret communication between client and attorney. It was as to what transpired when the alleged clients and the other parties and the attorney were all present. This was in no sense a secret or private communication to the attorney. The checking up took place evidently in the presence of the other parties. In *Fowler* v. *Sheridan,* 157 *Ga.* 271 (121 S. E. 308), it was said: "It seems to us that a communication of the nature indicated, made for the purpose indicated,—that is, made with the intention of having this communication imparted to the opposite party, can not be considered a confidential communication between client and attorney." In *Stone* v. *Minter,* 111 *Ga.* 45 (36 S. E. 321, 50 L. R. A. 356), this court held: "It is the secrets of the client which affect his right that the law does not permit the attorney to divulge; and it seems to be well settled, on authority, that if the communication made by the client to the attorney is in the presence of the other party to the contract, and it comes within his knowledge, such communication is not embraced in the rule which prohibits that it may be given in evidence by the attorney when called on so to do." And a similar ruling was made in *Cocroft* v. *Cocroft,* 158 *Ga.* 714 (124 S. E. 346), where it was said: "When a client makes to his attorney a communication or statement in the presence of the opposite party as to the transaction in hand, it is not confidential or privileged, and the attorney is a competent witness to testify respecting the same on the trial of a case arising out of such transaction, between the administrator of the client and the other party." In view of

these holdings, the court erred in excluding the testimony of the attorney.

*Judgment reversed. All the Justices concur, except Russell, C. J., absent because of illness.*