## 25916. MOORE *v.* THE STATE.

DECIDED JANUARY 12, 1937.

*Ed Wohlwender, Jr.,* for plaintiff in error.

*B. H. Chappell, solicitor,* contra.

BROYLES, C. J. ■ "It is well settled that while it is not incumbent upon the judge, in the absence of a, timely and appropriate written request, to charge upon the subject of the impeachment of witnesses, yet where that subject is referred to in the charge, all of it that is material and applicable to the facts of the case should be given." *Williams* v. *State,* 25 *Ga. App.* 193 (102 S. E. 875), and cit. Applying the foregoing ruling to the facts of the instant case, the court erred in the following particulars: (1) in failing to instruct the jury that in determining the credibility of the witnesses they could consider the interest or lack of interest of the witnesses, their demeanor on the stand, and their opportunity of knowing the facts about which they testified; (2) in failing to charge the jury, in substance, that where a witness has been successfully contradicted as to a material matter, his credit as to other matters is for them to determine; but if they believe that a witness has knowingly and wilfully sworn falsely about a material matter, all of his testimony should be rejected unless corroborated by circumstances or other unimpeached evidence; and that where a witness has been impeached on the ground of bad character, it is for the jury to determine whether they should believe his testimony; (3) in failing to instruct the jury on the subject of sustaining an impeached witness.

■ "Any two or more persons who shall do an unlawful act of violence or any other act in a violent and tumultuous manner, shall be guilty of a riot." Code, § 26-5302. In the instant case the accused was charged in the accusation with committing several particular and specific unlawful acts of violence and several particular and specific acts in a violent and tumultuous manner. In a ground of the motion for new trial complaint is made that the charge of the court on the law of riot instructed the jury that they would be authorized to find the defendant guilty of the offense charged (riot) if they believed from the evidence that he and other persons, jointly and acting with a common intent, committed *any* unlawful act of violence or *any* act in a violent and tumultuous manner. The specific ground of complaint is that the charge did not restrict the jury to a consideration of only those particular unlawful acts of violence, and those particular acts done in a violent and tumultuous manner, which were specified in the accusation. The charge was a lengthy one, and time and again the court instructed the jury that the defendant would be guilty if on the occasion in question he and other persons had jointly committed *any* unlawful act of violence or *any* act in a violent and tumultuous manner. It is true that several times in the charge the judge referred to criminal acts, or unlawful acts of violence, or any other act committed in a violent and tumultuous manner, "as charged in the accusation;" but nowhere in the charge were the jury clearly and distinctly told, in hæc verba, or in effect, that the defendant could not be convicted unless the evidence showed beyond a reasonable doubt that he had committed one or more of the particular criminal acts specified in the accusation. The failure so to instruct the jury was error.

■ Since the judgment is reversed because of errors in the charge of the court, the assignment of error on the refusal to grant a new trial based on the alleged improper and prejudicial argument of the solicitor-general is not passed on. It is not likely that the alleged error will recur on another trial of the case. The other special assignments of error are without merit; and the general grounds of the motion are not now considered.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*