## 29457. THOMSON *v.* AVERY.

DECIDED JULY 10, 1942.    REHEARING DENIED JULY 22, 1942.

674

*Tye, Thomson & Tye,* for plaintiff in error.

*W. A. Thomas,* contra.

STEPHENS, P. J. (After stating the foregoing facts.)

■ In the first special ground of his motion the defendant contends that the court erred in charging all of § 61-111 of the Code, in that the portion thereof that a landlord "shall be liable for all substantial improvements placed upon [the premises] by his consent" was inapplicable to the case and was prejudicial to the defendant and misleading to the jury. While the portion of the Code just quoted, dealing with the liability of a landlord for improvements placed on rented premises by his consent, had no applica-

tion to the issues involved in the present case, which are whether the landlord was liable to the plaintiff because he improperly constructed a portion of the floor of the premises that fell through with the plaintiff, and whether, even if he did not construct such portion of the floor and the same was constructed by his predecessor, that he was liable to the plaintiff because he ought to have discovered the improper construction and defective condition of the portion of the floor that fell through with the plaintiff when he made certain repairs to another portion of the floor of the same room of the house, pursuant to notice given him by the plaintiff of the defective condition of the portion of the floor so repaired, the giving of the entire section in charge to the jury was not prejudicial to the defendant and did not tend to confuse and mislead the jury.

Error is assigned in ground 2 because the court charged the jury as follows: "In reference to the defects to which I have just called your attention, the law says accordingly that if the facts be such that by the exercise of ordinary care in the performance of his obligation to keep the premises in repair the landlord ought to have known of a latent defect therein, then he becomes answerable in damages to the tenant for personal injuries sustained by reason of such defect." Under the facts of this case, the above charge was not error on the ground that there were no facts alleged in the petition or amendment, or shown by the evidence, which would justify the jury to find that the defendant in the exercise of ordinary care could have discovered the alleged defective manner in which the flooring was constructed or repaired, which consisted in insecurely nailing the cleat to the joist, for the reason that it is apparent from the allegations of the petition that no one could have seen by inspection just how far the nails were driven into the joist, and because as the defendant contends no landlord would be chargeable with knowledge of the improper manner in which this portion of. the flooring was constructed merely because he had been given notice of rotten boards on the front porch and on the other side of the room in which this flooring was located, for the reason that the defects incident to the rotten boards were not adjacent to the portion of the floor which fell through with the plaintiff, nor were the defects of the same nature and kind as those relating to the rotten boards in the floor. It is our opinion that the above instruction was not error for the reason assigned. Under the evidence the

jury would have been authorized to find that if the portion of the floor which fell with the plaintiff had not been constructed by the defendant, or pursuant to his direction, the rotten condition of the floor of this room, of which the defendant was given notice when the plaintiff fell through the first time and which the defendant undertook to repair, should have put him on inquiry to make a proper inspection of the flooring of this room.

■ In ground 3 the defendant contends that the court erred in charging the jury that "a landlord may be liable for damages resulting from defects of which he had no notice if, while making repairs, he could, in the exercise of ordinary care, have discovered such defects." The defendant contends that while this instruction stated a correct principle of law, it was not appropriate, under the pleadings and the evidence, because the defects which caused the plaintiff's injury were not adjacent to the other defects which were repaired by the defendant, nor were they of the same nature, and there was nothing to authorize the jury to assume that the defect of construction in the flooring through which the plaintiff fell could have been discovered by the exercise of ordinary care when the defendant repaired certain rotten boards on the front porch and also certain rotten boards in a different part of the same room which contained the portion of the flooring that fell through with the plaintiff. For the reason stated in the foregoing division of this opinion it is our opinion that the above charge was applicable.

■ The defendant assigns error in ground 4 on the failure of the court to charge without request "in appropriate language, that one of the contentions of the defendant was that he had not built or constructed the patch in the floor which fell through and injured the plaintiff." In stating the contentions of the parties the court instructed the jury that the plaintiff, in her petition as amended, contended that the defendant was negligent in certain respects in complying with the duty which he owed to her as landlord to keep the premises in repair and safe for her use, which negligence was the direct cause of the injuries which she sustained, and that by reason of such negligence the defendant was liable to her for the damages sued for. The court then stated to the jury that "briefly stated" the above was an outline of the plaintiff's contentions which appeared from her petition as amended. The judge then, as to the defendant, instructed the jury that the defendant denied the mate-

rial allegations on which the plaintiff based her alleged right to recover, and denied that he had been negligent in the respect claimed by the plaintiff, and denied that he was liable to her in any sum by reason of any negligence on his part by which the plaintiff alleged that she was injured, and "denies all of the material allegations upon which the plaintiff's claim for recovery is based." If the defendant had desired a more detailed statement of his contentions a proper request therefor should have been made. There is no error shown in this special ground of the motion.

In ground 5 it is urged that the court erred in failing to charge the jury "that unless they believed that the patch in question was actually built or constructed by the defendant or his agent that the plaintiff could not recover in this case." Under the pleadings and the evidence the plaintiff's case was predicated on the alleged negligence of the defendant in not discovering, while making repairs to the flooring of a room in rented premises, a defective and rotten condition of another portion of the floor not adjacent but near thereto, and was also predicated on the improper and defective construction by the defendant of the portion of the floor of the room which fell with the plaintiff, and that because of this defective construction of this portion of the floor the flooring fell with the plaintiff. There was an issue as to whether this portion of the flooring had been constructed by the defendant after he had acquired the premises, about three or four years before the plaintiff fell, or whether this portion of the flooring had been so constructed at the time the defendant acquired the premises about ten years prior thereto.

The liability of a landlord for injuries occasioned by defects in construction exists only in cases where the structure is built by him in person or under his supervision. *Godard* v. *Peavy, 32 Ga. App.* 121 (122 S. E. 634). The landlord will not be liable for an injury to a tenant on account of defective construction of rented premises which the landlord has not constructed or caused to be constructed. However, where a building was defectively constructed by a predecessor in title of the landlord, and the landlord knew or in the exercise of reasonable diligence could have known of its improper construction before the tenancy was created, he would be answerable to the plaintiff for injuries sustained by reason of a negligent failure to put the premises in a safe condition if the tenant could

not have avoided the injury by the exercise of ordinary care. *Adams v. Klasing,* 20 *Ga. App.* 203 (92 S. E. 960). If the landlord did not build the house, but acquires it after it is built, and undertakes to repair or replace a portion of the premises, he is liable in a proper case if he negligently repairs or constructs such portion of the premises. If the landlord, before the commencement of the plaintiff's tenancy, had undertaken to repair or replace a portion of the floor of the rear room of the premises subsequently rented by the plaintiff, and had done so in an improper and defective manner, as the result of which the floor fell with the plaintiff, he would be liable without notice of the defect. On the other hand, if the portion of the floor which fell had been defectively constructed by being nailed into a rotten cleat and the rotten cleat insecurely nailed into the floor, before the defendant acquired the house, there would be no defective construction as to the defendant and he would not be liable because this portion of the floor fell, unless he knew thereof before he rented the premises to the plaintiff or unless he was notified thereof by the plaintiff, or unless, in repairing another portion of the floor, he should, in the exercise of ordinary diligence, have discovered the defective condition of the portion that fell with the plaintiff.

It follows that, under the pleadings and the evidence, one of the principal issues in the case was whether the portion of the rear-room floor that fell with the plaintiff was actually constructed or built by the defendant or under his supervision, and therefore it was error for the court, even without a request, to fail to charge the rule that unless the jury believed that the patch in question of the portion of the floor in question was constructed by the defendant or under his supervision or direction he would not be liable for defective construction. There was no question raised relatively to knowledge by the defendant of the improper construction before the tenancy was created. The court nowhere in its charge gave to the jury the law relatively to liability of a landlord, or his freedom from liability, for defective construction of rented premises. The failure of the court in this regard requires the grant of a new trial.

■ In ground 6 it is contended that the court erred in failing to instruct the jury as to the distinction between a landlord's liability for defective construction and his liability for failure to keep the premises in repair. See Code, § 61-111; *Godard v. Peavy,* 32

*Ga. App.* 121 (122 S. E. 634); *Cassel* v. *Randall,* 10 *Ga. App.* 587 (2) (73 S. E. 858); *Driver* v. *Maxwell,* 56 *Ga.* 11; *Whittle* v. *Webster,* 55 *Ga.* 180. For the reasons stated in the foregoing division of the opinion the court erred in failing to charge the jury on this issue and to draw the distinction between the liability of a landlord for defective construction and his liability for failure to repair. The court instructed the jury fully as to the liability of the landlord for failure to repair, but nowhere in his charge did he give the rule as to the liability of a landlord for defective construction.

The evidence did not demand a verdict for the plaintiff, and it was error to overrule the motion for new trial.

*Judgment reversed. Sutton and Felton, JJ., concur.*