33091. WARE *v*. THE STATE.

DECIDED JUNE 7, 1950.

*C. O. Purcell*, for plaintiff in error.

*C. L. Purvis, Solicitor*, contra.

TOWNSEND, J. 1. The prosecutrix in this case and her mother, father and brother, testified for the State. The defendant produced three witnesses who testified to material matters immediately before the alleged assault and battery and whose testimony was in conflict with that of the prosecutrix in certain respects. The defendant made a statement in which he denied that any actions of his in regard to the prosecutrix were done without her consent. The court, without request, undertook to charge upon the subject of impeachment of witnesses in the following words: "A witness may be impeached by disproving the facts testified to by him. You are the judges of whether a witness has or has not been successfully impeached."

The general rule is that it is not error for the trial court, without request, to charge upon the subject of impeachment of witnesses. *Rouse* v. *State*, 2 *Ga. App.* 184 (7) (58 S. E. 416). Nevertheless, when he does so, he must charge all of the law relative to that subject which is material and applicable to the case. *Harper* v. *State*, 17 *Ga. App.* 561 (1) (87 S. E. 808). In *Williams* v. *State*, 25 *Ga. App.* 193 (2) (102 S. E. 875), the following charge was held to be error: "I charge you that a witness may be impeached by contradictory statements. This is one of the methods of impeachment recognized by the law." The charge under review here presents the same inadequacy as the erroneous charge above quoted, in that neither one contains any instruction, as contained in Code § 38-1806, as to the effect of successful contradiction upon the credit to be given the witness's testimony, as well as the effect of statements knowingly and wilfully false upon his testimony in general. The mere statement, therefore, that the jury are the judges of whether a witness has been successfully impeached, in the absence of instructions as to the effect of such impeachment upon the witness's testimony, was error prejudicial to the defendant, and a new trial must be granted on this ground, which is excepted to in grounds 3 and 4 of the amended motion for a new trial.

2. Grounds 2 and 5 of the amended motion for a new trial are abandoned, and ground 1 is without merit. The general

grounds are not here passed upon for the reason that the case must be tried again.

*Judgment reversed. MacIntyre, P.J., and Gardner, J., concur.*