34713. BROOKS *v.* WOFFORD.

Decided September 18, 1953.

732

*Quillian, Quillian & Thomas, Wheeler, Robinson & Thurmond,* for plaintiff in error.

*Wm. P. Whelchel,* contra.

FELTON, J. 1. The court erred in charging the jury that they should find for the defendant if the injured person could have avoided the consequences of the defendant's negligence. The duty on one to avoid the consequences of a defendant's negligence is not absolute, but is only a duty to exercise ordinary care to discover and avoid the defendant's negligence. *Hamrick* v. *Haralson County,* 41 *Ga. App.* 203 (3) (152 S. E. 581); *Warren County* v. *Battle,* 48 *Ga. App.* 240 (4) (172 S. E. 673); *W. & A. R. Co.* v. *Ferguson,* 113 *Ga.* 708 (39 S. E. 306); *Wynne* v. *Southern Bell Tel. &c. Co.,* 159 *Ga.* 623 (126 S. E. 388); *Atlanta Ry. &c. Co.* v. *Bennett,* 115 *Ga.* 879 (42 S. E. 244); Code (Ann.) § 105-603. The fact that the judge also gave a correct charge on the subject did not cure the error when he did not call the jury's attention to the erroneous charge and correct or retract it. See Code (Ann.) § 70-207 under catchword "Conflicts."

2. The court erred in charging the jury as follows: "And if a person is negligent and his negligence results in injuries to another person, yet, if that other person is also negligent at the same time and his negligence concurs with the negligence of the person whose negligence causes the injury, and concurring with it, contributes to the injury so that it becomes a proximate and immediate or direct cause, so that he would not have been injured if he had not himself been negligent, although the other party may also have been negligent, under these circumstances, the law would not allow him to recover damages for his injuries from the other party." This charge confused several principles of law, to wit: (1) that no recovery can be had if a defendant was negligent but where the plaintiff's own negligence was the proximate cause of the injury; (2) that, where the injured person and the defendant were both guilty of concurring negligence proximately causing the injury, the plaintiff cannot recover if

the negligence of the injured person was equal to or greater than that of the defendant; (3) that, if the injured person and the defendant were both guilty of contributing acts of negligence proximately causing the injury, and the injured person's negligence was less than the defendant's, the plaintiff could still recover but the recovery must be diminished by the proportion attributable to the injured person. *Americus, Preston &c. R. Co.* v. *Luckie,* 87 *Ga.* 6 (13 S. E. 105) ; *Macon, Dublin &c. R. Co.* v. *Moore,* 99 *Ga.* 229 (25 S. E. 460) ; *Columbus R. Co.* v. *Peddy,* 120 *Ga.* 589 (4) (48 S. E. 149). The court charged the correct law immediately following the excerpt excepted to, but did not call the jury's attention to the incorrect charge and correct it.

3. The exception in special ground 3 need not be passed on, as the case is to be tried again and the omission complained of will not likely recur. The exception is that the court, in charging on the preponderance of the evidence, omitted the words "their intelligence" in referring to the matters to be considered respecting witnesses' testimony.

4. In charging the law with reference to the impeachment of a witness by proof of contradictory statements, whether the court erred in charging that such a witness might be sustained by general good character when there was no evidence of the witness's good character need not be decided, as the case is reversed for other reasons. It should be stated, however, that such a charge should not be given in the absence of evidence of the witness's good character. In reference to the other exception to the charge on impeachment of witnesses, as the case is to be tried again suffice it to say that, when the trial judge undertakes to charge the law on impeachment, he should charge all of the rules of law on that subject applicable to the facts of the case. *Harper* v. *State,* 17 *Ga. App.* 561 (2) (87 S. E. 808) ; *Moore* v. *State,* 55 *Ga. App.* 157 (189 S. E. 551) ; *Ware* v. *State,* 81 *Ga. App.* 762 (59 S. E. 2d 753).

5. The court erred in charging the jury that certain principles of law applied both to the defendant's driver and the plaintiff's son, when as a matter of fact not all of the principles stated applied to the plaintiff's son, in that there was no evidence that the plaintiff's son was guilty of negligence under some of the principles stated to the jury.

734

6. Special grounds 6, 7, 8, 9, and 10 of the amended motion are without merit.

The court erred in denying the amended motion for new trial. *Judgment reversed. Sutton, C.J., and Worrill, J., concur.*