35030. SHEETZ, by next friend, *v.* WELCH.

DECIDED MARCH 10, 1954.

**750**

■■■■■■■■■

*Reuben A. Garland, Anthony A. Alaimo,* for plaintiff in error.
*J. G. Roberts, Marshall, Greene, Baird & Neely,* contra.

GARDNER, P. J. ■ The plaintiff does not argue the general grounds, and they are considered abandoned. We will take up the special grounds in their order.

■ Special ground 1 assigns error on the refusal of the court to give a written request to charge, as follows: "I charge you that under the law, the driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard. If you believe from the evidence that the defendant violated this provision of law, and you further find that such violation proximately produced some alleged injury to the plaintiff, in that event, you would be authorized to return a verdict for the plaintiff in whatever amount you believe he has been so damaged."

The requested charge was only a portion of the ordinance of the City of Atlanta (Traffic Code, section 88-919). Immediately following the portion of the ordinance which the plaintiff requested the court to charge, the ordinance further provides: ". . . but said driver, having so yielded and having given a signal when and as required by this ordinance, may make such left turn; and the drivers of all other vehicles approaching the intersection from said opposite direction shall yield the right of way to the vehicle making the left turn."

There is no necessity to go into the elementary question involved. A request to charge which is perfect must be given as requested or substantially so. In *Smith* v. *Payne*, 85 *Ga. App.* 693 (2) (70 S. E. 2d 163), this court said: "A request to charge must be apt and even perfect and it is not error to fail to give a request which does not correctly state the principle of law involved. . ." The evidence was conflicting as to which vehicle was in the intersection first, and to charge as requested as to one portion of the ordinance without the other would have been misleading. On this point of the facts, the jury disagreed with the plaintiff's contention. We do not think it a reasonable contention that the court should have charged only that portion of the ordinance favorable to the plaintiff and not have given the portion providing as to when the defendant could turn to the left. The jury believed that the defendant complied with the ordinance, and that the plaintiff did not. We see no necessity of citing other authorities. There is no merit in this special ground.

■ Special ground 2 complains because the court charged: "I further charge you gentlemen, there has been introduced in evidence certain certified copies of ordinances of the City of Atlanta. You will have them out to consider and they should be considered by you as law *as long as they are not in conflict with the general State law.*" (Italics ours.)

The plaintiff assigns error on the italicized portion of this charge. It is the contention that, since the ordinance of the City of Atlanta had been introduced and since there was no pleading or evidence that a State traffic law was involved, the court should not have included the italicized portion to the jury. It is contended that the vice in this portion of the charge is that it submitted to the jury a question of law. Counsel for the plaintiff called our attention in this regard to *Atlantic Coast Line R. Co.* v. *Adams*, 7 *Ga. App.* 146 (4) (66 S. E. 494) and *Thornton* v. *Parker*, 208 *Ga.* 633 (68 S. E. 2d 695). In reading those cases in the light of the evidence in the case before us and the whole charge, in our opinion this italicized part of the charge does not require a reversal. It is our opinion that the italicized part was mere surplusage, under this record, and did not mislead the jury. As analogous to the situation here, we call attention to *Thomson* v. *Avery*, 67 *Ga. App.* 671 (1) (21 S. E. 2d 331), as follows: "It

is not cause for a new trial that the court charged the jury a Code section, part of which was applicable to the case under consideration and part inapplicable, where it does not appear that the charge of the inapplicable part was calculated to mislead the jury, or to erroneously affect their verdict, or was prejudicial to the rights of the movant."

It will be noted in the instant case that the charge did not submit to the jury any State law regarding or applicable to the facts in the instant case. It is inconceivable to this court that, since there was no State traffic law charged, a jury in this day and time of enlightenment of jurors could have possibly been misled. We find no merit in this contention.

■ Special ground 3 complains of the following excerpt from the charge of the court: "If the driver of any class of vehicle is upon the wrong side of the road then it is a question for you to determine whether or not under the particular circumstances of the case the driver of such vehicle would be guilty of such negligence on the occasion and transaction in question *as to bar his recovering any damages.*" (Italics ours). ·

It is admitted by the plaintiff that this is abstractly correct, but that it is not adjusted to the evidence, since the plaintiff was the only one seeking to recover damages, and that, since there was absolutely no evidence that the plaintiff was on the wrong side of Northside Drive considering the direction in which he was going, this italicized part of the charge is cause for reversal. We have read the evidence carefully, and the jury, under the evidence involved, were authorized to find that the plaintiff was on the wrong side of the street as he entered the intersection prior to the collision. It also might be taken into consideration, in view of the whole charge and in view of the evidence, that the jury could consider this under the principle of contributory negligence. Again, we cannot reach a conclusion that the jury misunderstood the excerpt of which complaint is made, in the light of the whole charge, since, if the jury believed that both the plaintiff and the defendant were on their proper respective sides of the road, such charge could not have been harmful to the plaintiff. We do not find any merit in the contention of the plaintiff that the charge instructed the jury that the court expressed an opinion as to the facts in the case, in violation of Code § 81-1104. There is no merit in this special ground.

■ Special ground 4 assigns error as follows: "I charge you, gentlemen, that the plaintiff in this case being above the age of fourteen years was required to exercise the same degree of care for his own safety that he would have been required to exercise had he been an adult."

The evidence shows that the minor involved was 16 years old and was in the eighth grade in school. It is contended by the plaintiff that the excerpt from the charge of which complaint is made in this ground was erroneous for the reason that a person above the age of 14 years, to wit, 16 years of age, is only under the law presumptively chargeable with the same degree of negligence for his safety as an adult, and that the excerpt from the court's charge is an incorrect principle of law. In this connection, the plaintiff calls to our attention *Marques* v. *Riverside Military Academy,* 87 *Ga. App.* 370, 373 (73 S. E. 2d 574); *Paulk & Fossil* v. *Lee,* 31 *Ga. App.* 629, 630 (121 S. E. 845); and *Central R. & Bkg. Co.* v. *Phillips,* 91 *Ga.* 526 (17 S. E. 952). These cases are to the effect that a boy of such age as the one now in question is presumed to have the capacity, in such cases as here presented, as an adult, but that this is a rebuttable presumption. The gravamen of the contention here is that, under the facts of this case, the court should have charged that the boy in question was presumed to have such intelligence. There was no written request to charge in further detail on this question. There was no contention by the plaintiff in his pleadings or at the trial that the boy was not of normal intelligence for his age. It was contended that the plaintiff had been required to repeat the eighth grade at school prior to the collision. There is no evidence that he was below normal in intelligence for his age. The only evidence introduced as to the reason for this boy having been required to repeat the eighth grade was given in the testimony of Miss Margaret H. Wright, one of the teachers of the Druid Hills High School, who was in charge of keeping attendance records. This evidence was introduced by the defendant for the purpose of showing why the plaintiff failed to pass his grade at school, and was in rebuttal of the contention of the plaintiff that, after his injuries, he was not able to keep up with his studies. This Miss Wright testified that the plaintiff was a truant a good part of the school year prior to the collision. So

it would seem, therefore, that the boy did not keep up with his school work prior to the collision. This court, in *Hale v. Davies*, 86 *Ga. App.* 126 (70 S. E. 2d 923), in sustaining a general demurrer to a petition for injuries to a 16-year-old boy, said: "He was sixteen years of age and, in the absence of an allegation to the contrary, was a normal boy and of average intelligence for that age, and no doubt knew and realized that football is a rough and hazardous game and that anyone playing or practicing such game may be injured. A person of his age is presumed to be capable of realizing danger and of exercising caution to avoid it. Presumptively, he would be chargeable with the same degree of care in this respect as an adult."

If the plaintiff had desired to avoid the legal presumption that the law treated him as an adult, the burden was on him to offer proof to rebut the presumption. The mere fact that he was not going to school or not making his grades in school would not, standing alone without more, rebut the presumption. There is no reversible error in this special ground.

■ In special ground 5, the plaintiff assigns error on the following excerpt from the charge: "If the plaintiff had the right of way at the intersection, such right did not entitle him to ride his vehicle recklessly across the intersection without regard to the conditions and consequences then and there existing."

Counsel for the plaintiff contends that in so charging the court intimated and expressed an opinion on the evidence, in violation of Code § 81-1104. We do not think this contention tenable under the record in this case. It should be noted that the first word of the charge is "if". Moreover, the evidence authorized the jury to find that the plaintiff was operating his motor scooter recklessly and illegally at approximately forty miles per hour across the intersection. The excerpt of which complaint is made is a statement of the principle which follows the avoidance rule. Under the record, this assignment of error is without merit.

■ Special ground 6 complains of the following excerpt from the charge: "If he [plaintiff] does not discover the impending danger, and if he did exercise ordinary care, and if [he] could not have avoided the injury to himself, then he would be entitled to recover."

We have studied carefully the position of the plaintiff as to

this excerpt. His counsel contends in the argument that this excerpt violates the principle of Code § 105-603, and places a burden on the plaintiff of avoiding injury to himself at any cost. Counsel for the plaintiff cites in support of this contention *Brooks* v. *Wofford*, 88 *Ga. App.* 731 (77 S. E. 2d 563). We do not interpret the excerpt as does counsel for the plaintiff. In our opinion, it did not place a burden on the plaintiff greater than the law requires. When we consider the whole charge and the evidence, we come to the conclusion that this assignment is not cause for reversal. It should be noted that this excerpt does not state that the plaintiff could *not* recover if he could have avoided the injury to himself, as contended by the plaintiff, but it states that he *would* be entitled to recover if he could not have avoided the injury to himself.

When we consider the evidence as a whole and the charge of the court, we find no ground for reversal.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*