35262. SECHLER *v.* THE STATE.

DECIDED SEPTEMBER 27, 1954.

*Noah J. Stone, Robert T. Efurd,* for plaintiff in error.

*Paul Webb, Solicitor-General, John I. Kelley, Solicitor, C. O. Murphy,* contra.

Gardner, P. J. 1. In discussing this case we will follow the pattern as suggested by counsel for the defendant, taking up the assignments of error in the order named in the petition for certiorari.

(a) Attorney Foster, who had represented Price (the one alleged to have been beaten), was put on the stand by the attorneys for the defendant. The question propounded to Foster was what conversation he had as attorney for Price when he was representing Price. The court excluded this testimony on the ground that conversations between the attorney and Price at the time of such conversations were confidential, and therefore inadmissible. Counsel for the defendant in support of this contention cite Code § 38-1605. Counsel also cite *Griffin* v. *Williams,* 179 *Ga.* 175, 178 (175 S. E. 449) and *Bryan* v. *Barnett,* 205 *Ga.* 94 (5) (52 S. E. 2d 613). The authorities cited do not sustain the contentions of the defendant under the record of the instant case. We might here call attention to the answer of the trial judge in response to paragraph 8, which we have hereinabove quoted. It appears from the answer of the trial judge that counsel for the defendant did not state what they expected the answer of the witness to be. The answer of the trial judge went further to the effect that the conversation of the witness with Price was a private conversation. We might state in this connection that the answer of the judge was not traversed, and it is therefore to be considered by this court as true. See, in this connection, Code § 38-1605, cited hereinabove, and Code §§ 38-418 and 38-419. This contention is without merit.

(b) In discussing paragraph 9 of the petition for certiorari, we refer to paragraph 5 of the answer of the trial judge, which we have quoted in full. It appears that the only objection to the evidence with reference to the loan was that it was immaterial and irrelevant. These grounds of objection are not sufficient to reverse the case unless it is shown that harm resulted therefrom. Then too, there is another well-considered principle of law that, where evidence of a similar nature as that objected to is admitted without objection, the immateriality and irrelevancy of such evidence will not operate to reverse the case. The answer of the trial judge on traverse stated that, subsequently to the objection, similar evidence was admitted without objec-

tion. Moreover, we cannot see how the defendant could have been harmed by the admission of this testimony. It appears to us from reading this record that the jury were authorized to find that the loan made to Price by a company for which the defendant worked was the very gist of the cause for which the defendant attacked Price. This contention is without merit.

Paragraph 10 of the petition for certiorari complains of an excerpt from the charge of the court regarding impeachment of witnesses. We have quoted this excerpt from the charge hereinabove. The assignments of error are that it is not adjusted to the established facts; that the charge is harmful and prejudicial; that it was not for the jury to determine whether or not impeachment was successful; that the court failed to charge on the point of corroborating evidence. See *Ware* v. *State,* 81 *Ga. App.* 762 (59 S. E. 2d 753) and *Humphreys* v. *Smith,* 133 *Ga.* 456 (2) (66 S. E. 158). The cases of *Ware* v. *State* and *Humphreys* v. *Smith* do not sustain the contentions of the defendant under the record in this case. We think that the charge of which complaint is made substantially covers the methods of impeachment. The judge charged the jury that, if they found that the witness was unworthy of belief, they could not convict the defendant under such testimony unless such testimony was corroborated. It is a jury question always as to whether or not a witness has been impeached.

Paragraph 11 of the petition for certiorari assigns error on an excerpt from the charge of the court. This excerpt has been quoted hereinabove. It is alleged that this charge was unauthorized by the accusation against the defendant; that there is no evidence to authorize the charge; that the charge was harmful and prejudicial; that this excerpt injected into the case an issue not made by the accusation; and that the excerpt is contrary to law. This assignment of error is without merit.

Paragraph 12 complains of an excerpt from the charge which has been hereinabove quoted. Error is assigned, in that it is contrary to law; that it is harmful and prejudicial, in that the use of the words, "did not commit this alleged offense," was an expression of opinion by the court that an offense had been committed; that the use of the language that the defendant contended that he did not "impose his hand upon Paul Price in any way or otherwise touch him" injected into the case an issue not

made by the accusation or by the evidence, and that such was harmful and prejudicial in that it led the jury to believe that the offense could have been committed in some manner other than by striking Price. Certainly this charge in using the words "this alleged offense" as part of the expression, "It is the contention of the defendant in this case that he did not commit this alleged offense," could not be construed in any way as an expression of opinion, and was not error for any reason assigned. There is nothing in *Eidson* v. *State,* 66 *Ga. App.* 765 (19 S. E. 2d 373) which is inconsistent with our ruling here.

We come next to consider the assignments of error in paragraphs 13, 14, and 15. With the exception of the complaint regarding uncorroborated evidence, these paragraphs complain generally of the ruling and findings of the court, the verdict of the jury, and the sentence of the court as being harmful and prejudicial to the defendant. In the argument of counsel for the defendant on the general grounds, they assume that the witness was impeached. In *Powell* v. *State,* 101 *Ga.* 9, 11 (5b) (29 S. E. 309) it is said: "A witness is never impeached, in contemplation of law, until there is a mental conviction, produced upon the mind of the jury by proof, that he is unworthy of credit." See, in this connection, *Hardware Mutual Casualty Company* v. *Mullis,* 75 *Ga. App.* 233 (2) (43 S. E. 2d 122). In *Wright* v. *State,* 45 *Ga. App.* 517 (165 S. E. 326), this court said: "'It is within the power and right of a jury to believe a witness, no matter what effort may have been made to impeach him or what testimony has been presented for that purpose, and even though the witness be not corroborated.' *Solomon* v. *State,* 10 *Ga. App.* 469 (3) (73 S. E. 623)." It is thus the established law of this State that a witness is never impeached until the jury considers such witness impeached. It matters not what sort of attempts may be made to impeach a witness, it is still a question for the jury to determine as to whether or not his testimony in a particular case is worthy of credit. In the instant case the jury resolved this question against the defendant. The court fully charged on the question of credibility of witnesses. While we do not think it necessary to comment further to the effect that the evidence as to the general grounds sustains the verdict, we might add a few words regarding corroboration, since considerable

argument is advanced by counsel for the defendant to the effect that the evidence of Price was in no way corroborated. We think it was corroborated. The defendant in his statement partially corroborates the witness Price, in several particulars. So does the witness W. D. Dinsmore, who operated a filling station to which Price went. The witness is also corroborated in part by the testimony of City of Atlanta Detective L. L. Hause and also by a city policeman who had accompanied Detective Hause to the point near where the defendant and Price met. We will not go into detail as to the corroborations, as we deem it unnecessary.

(c) The court did not commit error in overruling the exceptions of the defendant to the answer of the trial judge.

The court did not err in overruling and dismissing the certiorari.

*Judgment affirmed.* *Townsend and Carlisle, JJ., concur.*