39480. STATE HIGHWAY DEPARTMENT v. HOLLIS et al.

DECIDED OCTOBER 1, 1962.

Eugene Cook, Attorney General, Carter Goode, Assistant Attorney General, John T. Perren, Deputy Assistant Attorney General, Eugene B. Brown, for plaintiff in error.

Robert J. Noland, contra.

BELL, Judge. The general grounds of the motion for new trial were abandoned.

■ The first special ground of the motion for new trial urged that the trial court erred in illegally admitting, and refusing to strike, evidence as to the option signed by Dr. Julia Sutton for the sale of her property to the plaintiff. The first objection of condemnor's counsel to this evidence was that it was not admissible until it was shown it was exactly similar land. The trial court overruled this objection, whereupon condemnor's counsel further objected on the ground it was not shown that the sale was voluntary and without compulsion. The latter objection was subsequently made to a further question of another witness concerning the sale of this land. This objection was sustained by the court which ruled that the objection was good until it was shown that Dr. Sutton sold voluntarily and without any degree of compulsion.

Following this, there were further questions asked and answers given relating to the same option and sale of the land of Dr. Sutton to which no objections were interposed. The option itself was admitted into evidence without objection.

The first assignment of error is without merit for the reason that, after the evidence objected to, other evidence of the same nature was introduced without objection. Where this occurs, it is well settled that the previous and erroneous admission of the evidence over objection does not constitute reversible error as the detrimental nature of the erroneous ruling is in effect rendered harmless by the later admission of similar evidence without objection. *Mutual Life Ins. Co. v. Burson,* 50 Ga. App. 859, 861 (10) (179 SE 390); *Sechler v. State,* 90 Ga. App. 700, 705, 706 (83 SE2d 847).

■ Special ground 2 contends that the court erred in overruling the motion for mistrial made by plaintiff after the court improperly admitted evidence to prove the price the condemnor had paid under agreement with Dr. Sutton for land for highway purposes. The assignment of error maintains that it was impossible for the court to eradicate such evidence from the minds of the jury by the instructions the court gave them, and the evidence complained of authorized and allowed the jury to con-

sider an illegal standard by which they could determine the measure of damages to which the condemnees were entitled.

That such evidence is incompetent is clear. The reason for the rule of inadmissibility is that in condemnation proceedings both condemnor and the condemnee are under compulsion, one to acquire, the other to give up, the property, and even though they agree upon some price, the necessities of the buyer and seller are such that the sale cannot be found to be voluntary. We consider this to be the case even though the seller testified that the sale was voluntary, that she received a fair price, and she was satisfied. *Georgia Power Co. v. Brooks,* 207 Ga. 406 (2), 410 (62 SE2d 183). Here, after the motion for a mistrial was made, other evidence of the same nature and import was admitted without objection. It follows, as held in Division 1, that the failure to object to subsequently offered evidence of the same nature renders ineffective the plaintiff's objection to the improper evidence. This is true both where the refusal of the trial court to grant a motion for a mistrial based on such error is assigned as the ground of a motion for a new trial or where the repeated emphasis and re-emphasis of such evidence is made the ground for a motion for a new trial. *Hotel Dempsey Co. v. Miller,* 81 Ga. App. 233 (3) (58 SE2d 475). The evidence being properly in the record, there is no error upon which the motion for new trial can be founded.

The trial court properly overruled the motion for new trial on all grounds.

*Judgment affirmed. All the Judges concur, except Felton, C. J., Jordan and Russell, JJ., who dissent.*

FELTON, Chief Judge, dissenting. In my opinion the statement of the case by the majority does not clearly show the issue involved. The question, as I see it, is whether, after the court refused to *rule out* the illegal evidence, evidence of the same nature was introduced which was sufficient, together with other legal evidence, to have authorized a finding that the Highway Department purchased adjoining land from Dr. Sutton at a *named* price. If the evidence introduced after the above stated ruling by the judge did not amount to anything and was not enough to prove anything, *the failure to object to the evidence*

*did not amount to a waiver of the exception to the ruling of the judge refusing to rule out the illegal evidence.* The evidence introduced *after such ruling* by the court, which is the only thing that a waiver could be based on, is the testimony of Tom Hollis as follows: "As to my being familiar with the land that Dr. Julia Sutton sold to the Highway Department, I have been over that land one time a number of years ago, not recently. I would say it is similarly situated and of similar value to mine; it is approximately the same land . . ." In addition to this testimony the option given by Dr. Sutton to the Highway Department giving a right to the Highway Department to purchase the property for $10,065.45 was introduced without objection. It is true that valid objections could have been urged to the testimony above referred to and to the option, but the admission of this evidence alone, or together with other evidence, remaining in the record after a correct ruling by the court on the motion to rule out, would not authorize a jury to find that Dr. Sutton sold the land to the Highway Department for the amount stated in the option. The witness was not undertaking to swear of his own knowledge that the land was sold to the Highway Department and even if it was, *he did not state the price for which it was sold.* The option is *not evidence of a sale at the price stated therein.* Offers to sell or purchase are not admissible. See, Green, Ga. Law of Evidence, § 70, p. 174, and cases cited: "137. Note, 7 A.L.R. 2d 781, 795-96. Accord as to listing price, Peagler v. Davis, 143 Ga. 11 (4), 84 SE 59 (1917), Ann. Cas. 1917A, 232. 138. Groover v. Simmons, 161 Ga. 93 (6), 129 SE 778 (1925). See also Central Georgia Power Co. v. Stone, 139 Ga. 416, 77 SE 565 (1913). Contra: Bell v. Tucker, 37 Ga. App. 254 (7), 139 SE 573 (1927)."

It is my opinion that the court erred in overruling the motion for new trial because the court erred in refusing to strike the illegal evidence.

Judge Jordan and Judge Russell concur in the dissent.